Dead, J.
The object of the 6th section of the act of March 12th, 1845, entitled “an act to regulate the judicial courts, and the practice thereof,” was to prevent writs of error to issue without the allowance of a Judge, as a matter of course. The reason of this change in the old law was, that, by this act, appeals were cut off which authorized a second jury trial, and writs of error substituted; and therefore all restraint upon their being issued was taken away. It was not intended by this act to impose a new condition upon a party seeking a writ of error, but to remove a restraint. But it is contended, on the part of counsel for the defendant, that, by this act, no writ of error can issue, ■ unless the party suing it out shall give bond, with good and sufficient, security to the adverse party, to prosecute the writ to effect, and pay all costs in error. Such a construction is opposed to the object of the act, and will not be adopted by the Court, unless compelled by its express terms.
That part of the 6th section relied upon by counsel for the defendant, reads as follows:
“ The clerk issuing such writ of error shall, in all cases, take ‘ good and sufficient bond and security to: the adverse party, *11 ‘ that the plaintiff in error shall prosecute his writ to effect, and ‘ pay all costs in error if he fail to make his plea good; and no ‘ error shall operate as a supersedeas, to any execution issued £ on any final judgment of the Court of Common Pleas, &c., £ unless bond add security shall be given, as required in the ‘ 104th section of the act, entitled £ an act to regulate the prac- £ tice of the judicial courts,’ passed March 8th, 1831.”
Hence, these two acts must be construed together. The section referred to in the act of 1831, declares that no supersedeas shall issue, unless bond be given to the adverse party in double the amount of the judgment obtained, conditioned for the payment of the consideration money and costs, if the judgment be affirmed. It has always been held, under the act of 1831, that a bond was only required when the writ of error was to operate as a supersedeas. The act of March 12th, 1845, although not as clearly expressed as it might have been, means nothing more. If it should be held that it did, it would amount to this: that two bonds should be given conditioned for the same thing — at least' as to part of the condition. The bond, to obtain the writ, would require security, as to costs; and the bond, to obtain the supersedeas, would also be conditioned for the payment of the costs. The truth is, the first part of the clause of the act of 1845, requires that a bond should be given; and the latter part of the same clause specifies the kind of bond, to wit: such a bond as the act of 1831 requires, to make the writ of error operate as a supersedeas. Hence it is plain, that a bond and1 security is only required when it is designed to have a supersedeas. A writ of error may issue without bond, but it only operates as a supersedeas when bond is given. This has been the uniform construction of the statute upon the circuit, and we think it correct. The motion, therefore, to quash the writ is overruled.
The errors relied upon are two —
First: That the suit was commenced before the justice as an action ex delicto, and the plaintiff declared, in the Common Pleas, in assumpsit.
*12 Second: That the Court erred in rendering judgment against the plaintiff below, for the costs accruing against him in the Court of Common Pleas.
As to the first assignment of error: The Justice of the Peace modestly, and rightfully, omits to indicate the form of action; he merely states that, by consent of parties, the cause was entered. The term cause, embraces injuries sounding both in tort and contract, arid permits, on appeal, without variance, either form of action, ex delicto or ex contractu to be pursued, as the nature of the injury may require. Treating the transcript as a process, it cannot be complained, in this instance, that the declaration does not pursue the writ, but sets up a new cause of action. Variance, or a departure in the declaration from the form of action adopted in the writ or transcript, is not the error complained of, but that the plaintiff has adopted a wrong form of action, and declared upon a contract when the injury was a tort.
The bill of particulars declares the injury to be this: That the plaintiff had delivered a certain number of logs at the mill of the defendant, to have them sawed into lumber, and had paid for the sawing; and that the defendant did not deliver the lumber, but converted it to his own use. Admit that trover would lie, it is one of that class of wrongs where the person injured may waive the tort and recover the value of the goods, as upon a sale.
As- to the second error, as stated above, respecting the judgment for costs: The judgment in the Court of Common Pleas, on the appeal, was for two dollars and eighty-seven and a half cents. The act of the 4th of March, 1845, respecting appeals from Justices of the Peace, provides that, if, on appeal by the plaintiff, a recovery shall not be had for a larger sum than $20, exclusive of interest since the rendition of judgment, he shall be adjudged to pay all costs accruing in the Court of Common Pleas, including a docket fee of five dollars. The appeal in this case was taken before the passage of the act, and does not, therefore, fall within its operation. The party, at the time he *13 took the appeal, had the right to do so, without any such conditions or penalties as this act imposes. The act is not remedial, but creates new obligations and rights; and hence the
Court will not give it a retrospective operation, or apply it to appeals taken prior to its enactment.

Judgment Affirmed,