MINORS — ELIGIBLE TO SIGN OWN BOND A minor can sign a personal recognizance bond in criminal cases. The Attorney General has considered your letter in which you ask the following question: "Can a minor sign a personal recognizance bond in a criminal case?" In your letter you question whether the prohibition against a minor assuming certain types of contractual obligations would preclude applying the statutory provision concerning bail on personal recognizance to minors. Title 59 O.S. 1334 [59-1334] (1970), entitled "Bail on personal recognizance", states: "Any person in custody before a court or magistrate of the State of Oklahoma subject to discretion of the court, may be admitted to such conditions as the court or magistrate may reasonably prescribe to assure his appearance when required. Any person admitted to bail as herein provided shall be fully appraised by the court or magistrate of the penalties provided for failure to comply with the terms of his recognizance and, upon a failure of compliance, a warrant for the arrest of such person shall be issued forthwith." (Emphasis added) The general statutory provision relating to the disability of a minor to contract is 15 O.S. 11 [15-11] (1961). This section provides: "All persons are capable of contracting, except minors, persons of unsound mind, and persons deprived of civil rights." Other sections of Title 15 distinguish between certain types of contracts which are automatically void if made by a minor and those which are voidable, and define minors as females below the age of 18 and males below the age of 21. Thus, under a strict application of 15 O.S. 11 [15-11] (1961), supra, a minor could not sign a personal recognizance bond if it involved a contractual commitment. This result would not follow, however, if 59 O.S. 1334 [59-1334] (1970), supra, is read as a special statute qualifying the general provisions of 15 O.S. 11 [15-11] (1961), supra. The Oklahoma Supreme Court adhered to a well-established rule of statutory constructions when in the case of, In Re Cummings' Estate, 196 Okl. 377, 165 P.2d 140 it stated: "This Court has repeatedly held that a special statute prevails over a general statute covering the same subject matter." Here, although the general rule limits the capacity of minors to contract, the special provision creates a right available "subject to discretion of the Court" to "any person in custody"; no exception is made for minors. The Supreme Court has further said in Reubin v. Thompson, Okl., 406 P.2d 263: "A statute which is enacted for the primary purpose of dealing with a particular subject, and which prescribes the terms and conditions of that particular subject matter, prevails over a general statute which does not refer to the particular subject matter, but does contain language which might be broad enough to cover the subject matter if the special statute were not in existence." It would, therefore, appear clear that the special rights created under 59 O.S. 1334 [59-1334] (1970), supra, would supersede the general language of 15 O.S. 11 [15-11] (1971), supra, in this particular type of situation. It should also be noted that there is no requirement that a contract of any type be made in connection with a personal recognizance bond. The terms of the bail on personal recognizance are "subject to such condition as the court or magistrate may reasonably prescribe." There is no requirement that the court follow any narrow procedural guidelines in determining conditions under which a personal recognizance bond will be granted. Title 59 O.S. 1334 [59-1334] (1970), supra, does require that a defendant be appraised of the penalties provided for non-compliance with the condition of the bond, but it does not require that the defendant sign an acknowledgement of such appraisal. Nor is there any indication that an acknowledgement, if required by the Court, would in any way transform the bond into a prohibited contract. The acknowledgement may act merely as a waiver of any future claim that the defendant was not so appraised, with no contractual obligation involved on his part. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. A minor can sign a personal recognizance bond in criminal cases. (Yvonne Sparger)