CHITTENDEN, FREDERICK FLETCHER & THADDEUS R. FLETCHER *v.* JEP-
January,                    THA BRADLEY.
1840.

Fletchers     A writ of execution may be executed on the day on which it is returna.
   *v.*            ble ; and where the body of the debtor is committed to prison, it is not
Bradley.          ·necessary that the execution should be returned into the proper office
              within its life, and no action on the case can be sustained by reason of
              its not being so returned.
           If a deputy Sheriff has authority from the creditor to manage an execu-
              tion, committed to his charge, according to *his discretion*, the sheriff is
              discharged of his liability for the official neglect of such deputy.

TRESPASS on the case, against the defendant, sheriff of
Franklin county.

The plaintiffs in their declaration alleged, that, having
recovered a judgment against one Kinney, they delivered
their execution, being for $37,56, to the defendant's deputy
for collection, and that he neglected to "levy serve and re-
turn" the execution in the lifetime thereof, whereby the
plaintiffs had "lost the benefit of their judgment and exe-
cution." Plea, not guilty. Issue to the court.

On the trial in the county court, the plaintiffs, to support
the issue on their part, introduced testimony tending to
prove that they delivered the writ of execution to one Fay-
ette Soule, the deputy of the defendant, on the 17th of Sep-
tember, 1838, to levy and collect, and that said writ was re-
turned to the justice who issued it on the 26th of October,
1838, with a return thereon endorsed that the debtor was, on
the 13th day of the same October, committed to the jail in
Franklin county. Further testimony was introduced, tend-
ing to show that said debtor had taken the poor debtor's
oath, and was discharged from said imprisonment by the
commissioners of jail delivery for said county of Franklin.
The defendant offered the same Fayette Soule as a witness
who swore that the execution was received in a letter from
the plaintiffs, giving him discretionary power in regard to the
management of the execution ; that he called on Kinney,
gave him notice of the execution and endeavored to get se-
curity ; that Kinney offered to give him a good note for thir-
ty dollars if he would discharge the execution, but that he
did not feel authorized to do that, and, as he could get no
better terms, he caused notice to be given to the plaintiffs
of the offer and asked their direction, and that he delayed
the commitment of the debtor to get an answer, but that

not having any answer from them, nor any further direction, he committed the said Kinney on the last day but one of the execution ; the execution being out on Sunday, and that he put the execution in the post office, directed to the justice, on the Monday morning following.

The defendant also gave in evidence the letter, alluded to by the witness, enclosing the execution, which was as follows.

"Jericho, 15 September, 1838.

"Sir,—Enclosed I send you an execution and want that you should act your sound discretion in managing it. Secure it if you can, or any part, and write back what the probable prospect is about its being collected.

Yours &c.

(Signed)          F. FLETCHER."

Upon this evidence, the county court decided that the plaintiffs were not entitled to recover, and rendered a judgment for the defendant, and the plaintiffs excepted to the decision.

*F. G. Hill and Chas. Adams* for plaintiffs.

1. When the law makes it the duty of an officer to make a return of process, that duty must be performed within the time required by law.

The return of the officer upon an execution must be written out, and the execution and such return must be returned to the office whence the execution issued, within the life of it. The Statute, p. 203, and the direction in the execution, are to this effect.

If an officer write a return of his doings upon an execution, within its life, and, after it expires, returns it to the justice or clerk who issued it, such return is invalid.

In the case of *Turner* v. *Lowry*, 2 Aikens' R. 72, this court held that a return of *non est inventus* must be written out and returned, with the execution, within the life of the execution, otherwise the officer was liable for the debt, for the reason that further process was to be based on his return, and a *scire facias* could not be judicially issued until the record was made perfect.

An execution, executed by a commitment, becomes what is termed returnable process—or process which must be re-

turned before any further process can go out, based upon the record, of which the execution and return form a part. 3 Dane's dig. 92.

Had the debtor, in this case, given a jail bond and left the jail limits and the creditors sued the bond and the debtor pleaded that he was never committed, the commitment must have been proved, by the record, to maintain the action. Without such record the sheriff would be a trespasser. 3 Dane, 92. Hence the necessity of the return being made by the officer.

II. The defendant cannot shield himself under the letter of the plaintiff, in which the execution was enclosed. He should have elected either to have acted under the plaintiffs' instructions, or under the law, in season to have returned the execution in the life of it, if he acted under the law. His instructions in the letter were " to secure any part" of the debt. When he had an offer of $30, for a debt of $38, against a poor debtor, he should have either acted under plaintiffs' instructions and taken that sum, or committed the debtor and made return of the execution in the life of it. Having neglected to do either he has by his own neglect, made himself liable.

*Maeck & Smalley* for defendant.

It is unnecessary to discuss, in this case, what would have been the defendant's liability provided the execution had been committed to the hands of his deputy without any special directions of the plaintiffs. But when a party directs an officer to execute a process in a special way, and the officer so executes it, and a damage thereby ensues, he can maintain no action against the officer; though the officer, without such special direction, would have been liable. *Bradley* v. *Wyndham*, 1 Will. 44. 3 Stark. Ev. 1344. *Stanton* v. *Hodges*, 6 Vt. 66. *Goddard* v. *Austin*, 15, Mass. R. 133. *Turner* v. *Austin*, 16 Mass. R. 181.

Here the officer, when he received the execution of the plaintiffs, was clothed with a sound discretion to manage it as he saw fit. And the case shows that the officer did take upon himself to exercise a discretion in the matter, in accordance with the request of the plaintiffs, and by reason thereof was unable to get the execution back into the office of the justice within the " sixty days." He cannot, therefore, be made liable for neglect of official duty.

The opinion of the court was delivered by

CHITTENDEN,
January,
1840.

Fletchers
v.
Bradley.

BENNETT, J.—The evidence in this case shows that Kinney was committed to jail on the execution in its life time, though the execution was not, in fact, returned into the office from which it issued till shortly after its expiration. In the case of *Turner* v. *Lowry*, 2 Aikens' Rep. 73, it was decided, that, to charge bail on mesne process, it was necessary that the officer should return the execution into the proper office within the "sixty days," with his return of *non est inventus* endorsed thereon; and that, if he failed so to do, he was liable for such neglect. This case is relied upon as authority to sustain the present case, but, are the cases analogous? The law allows a writ of execution to be executed on the day on which it is returnable; and, consequently, the commitment in this case is valid, and the plaintiffs have had the full benefit of their execution. While the body of the debtor remains in execution, there can be no ulterior proceedings, and the return of the execution within the "sixty days" is in no way essential to perfect any of the rights of the creditor growing out of its service. If the officer, having the execution in his hands, see the debtor, and has a reasonable opportunity to execute it, in its life time, by the commitment of the body, it is his duty so to do. In the case of *Palmer* v. *Potter*, Cro. Eliz. 512, it was held that a return of "*nulla bona*," made *before the return day* of the writ, was void, on the ground that, though the debtor may not, at the time, have any goods, yet he may have at the return day of the process.

In Hoe's case, 5 Coke's Rep. 90, 91, it is held, that if the sheriff, by force of a writ of *fieri facias*, levies the debt, and delivers it to the party, the execution is good without a return of the writ. The levying of the debt was lawful, and well done, and the defendant could not resist the sheriff in making the levy, and the effect of the authority, which the sheriff had by force of the *fieri facias*, was executed; and the creditor had the full benefit of it. It is said, in that case, that the words in the writ, requiring the sheriff to make return thereof, are but words of command to the sheriff to make return, which if he do not, he shall be amoved; but yet the execution shall stand in force. In Fulwood's case, 4 Coke's Rep. 67, it is held, that the service of a *capias ad*

Fletchers
v.
Bradley.

*satisfaciendum*, is good, though not returned. The same is the case as to words of seisin and possession; and, generally, as to all writs of execution, which are the most *final process* known to the law, and after which no judgment is to be given, or further process had. Dalton's Sher. 179, 180 is to the same effect. By our laws, many executions are required to be executed and returned within the life of them. Where an execution is levied upon land, the execution and officer's return must be recorded in the registry of deeds and in the office from which the execution issued, within its life, to perfect the title acquired under such levy. And should an officer levy an execution on lands, within its life, and omit making his return and having it recorded until after the time limited for so doing had expired, such levy would be of no avail whatever to the creditor.

This is not at all inconsistent with the general rule, that, where the creditor has had the full benefit of a complete execution of the process, which the sheriff was empowered to execute, he, at least, has no reason to complain of the execution not being returned into the proper office within the time commanded. Our statute provides, it is true, that most of our writs of execution shall issue and be made returnable within sixty days, and our officers, by an other statute, are required to *receive, execute* and *return* the same agreeably to the directions therein given; but it is a *non sequitur*, that the creditor can have his action on the case against the officer for the omission to make return of the execution within the time commanded, in a case where the creditor has had the full benefit of a complete service of the execution. If the officer wilfully refused to make return of an execution according to the command therein contained, he might probably be amoved for contempt upon common principles, and our statute, page 203, provides, that, upon conviction thereof, he shall pay a fine not exceeding one hundred dollars. It also provides that he shall pay to the party aggrieved all damages' thereby sustained, to be recovered in an action on the statute. To give the party a remedy on this statute he must have been damnified. If the writ of execution has been executed but in part, a return of the execution may be necessary to enable the creditor to take his alias execution for the balance. So it may be necessary

to enable the creditor to take an alias against the goods, chattels and estate of the debtor, where his body has been committed on the first, and the creditor wishes to discharge it under the statute. There is nothing, in these cases, that renders it necessary that the execution should be returned absolutely into the office *within its life;* but, undoubtedly, in these, and in all other cases in which the creditor has suffered a damage from the want of a return of the execution, he would be entitled to his action on the case. In the case before the court the officer committed the debtor on Satur day, the last day of the execution, and on the Monday following, he enclosed it by mail to the justice. There was no unreasonable delay after the commitment, and though the plaintiffs aver in their declaration that they have lost the benefit of their execution by the neglect of the defendant, yet, the evidence shows, there is no foundation for this complaint. There is no pretence that the plaintiffs have suffered any loss from the want of an earlier return.

By the letter of instructions to the deputy of the defendant, he was authorised to act his sound discretion in the *management of the execution,* secure it if he could, or any part of it, and was requested to write as to the prospects of its collection. When a deputy sheriff acts under the special instructions of the creditor, giving him a discretion to manage an execution as he shall judge best, the sheriff cannot be made responsible for the exercise of such discretion.

It seems the deputy declined, under his instructions, to accept of the thirty dollars and discharge the execution,—whether wisely or not, is immaterial,—and delayed the commitment until he could be advised on the subject by the creditors. As the deputy had power to take security for the debt, or a part of it, and use his discretion in the management of the execution, it was, necessarily, within his province to judge of the expediency of a commitment of 'the debtor, and also as to the time such commitment was expedient. The deputy thought best to delay the commitment for the advice of the creditors, until a given day, before he made the commitment. If there was not then sufficient time to return the execution into the proper office within " the sixty days," the defendant is not responsible for such delay.

In short, the discretionary authority given to the deputy

CHITTENDEN,
*January,*
1840.

Fletchers
*v.*
Bradley,

CHITTENDEN, discharges the sheriff of his liability for the official acts of
January,
1840.      such deputy.

Fletchers        In this case, then, though it should be held, in ordinary
v.        cases, to be necessary for the officer, upon a commitment of
Bradley.   the body, to return the execution into the proper office within
its life, the defendant is not liable, and the judgment of
the county court is affirmed.