F. C. MYRICK, *et al vs.* GEORGE H. MCCABE.

Opinion filed April 25th, 1896.

**Removal of Sheriff—Demurrer to Petition—Appeal.**

> Section 7838 of the Revised Codes considered and construed. Said section creates a remedy, and authorizes a proceeding which is summary in its nature, and of a character peculiar to itself. The statute which creates the remedy also establishes the practice which governs the proceeding to obtain the remedy. The statute does not contemplate that the proceeding shall be delayed by appeals from intermediate orders or rulings, and does not authorize any appeal before the entry of judgment. Accordingly, *held,* that an attempted appeal to this court by the accused from an order of the District Court overruling a demurrer to the written accusation will not lie. Such appeal is dismissed.

Appeal from District Court, Pembina County; *Sauter,* J.

Application by F. C. Myrick and J. D. Gordon for the removal of George H. McCabe from the office of sheriff of Pembina County. From an order overruling the demurrer of the defendant, he appeals.

Dismissed.

*Cochrane & Feetham, J. D. Stack,* and *W. J. Kneeshaw,* for appellant.

*N. C. Young, State's Atty.,* for respondent.

WALLIN, C. J. This is a proceeding for the removal of the appellant from the office of sheriff of Pembina County, and was instituted under the provisions of section 7838 of the Revised Codes, by a written and verified accusation, made by one F. C. Myrick and one J. D. Gordon, accusing the appellant of charging and collecting illegal fees as such sheriff, and of being guilty of other official misconduct. The written accusation was presented to the District Court, whereupon the appellant was cited before that court to answer the same. The appellant appeared by counsel in the trial court, for the special purpose of objecting to the jurisdiction of that court. After hearing counsel, the court entered an order overruling said objection, to which ruling an exception was entered. Appellant then moved the court below

to strike out the charges and specifications embodied in said written accusation, which motion was denied, and the appellant excepted to the ruling.   The appellant then filed a demurrer to said accusation, in writing, basing the same upon various grounds, which were detailed in the demurrer   After hearing counsel, the District Court ordered that the demurrer be overruled, to which order appellant excepted.   The record further shows that appellant having, through his counsel, in open court, given notice of his attention to appeal to the Supreme Court from the orders above mentioned, the trial court continued the hearing of the proceeding until such time as this court should pass upon the law questions presented upon the record.   The case is sought to be brought into this court by an appeal from the order overruling the demurrer.

In our opinion, the appeal will not lie.   It is elementary that the right of appeal is statutory.   No such right exists at common law, and hence no case can be reviewed by an appeal to a court of superior jurisdiction, unless some statute gives the right either in express terms or by necessary implication.   In this proceeding, there is no statute which allows an appeal from an order overruling a demurrer.   In fact the statute itself contains no provision which, in terms, permits a demurrer to be interposed to the written accusation.   The accused is, in terms, required to "answer" the written accusation, a copy of which is served upon him by the state's attorney.   The statute makes no reference to a demurrer or to any of the pleadings named in a civil action, save only an answer to the accusation.   On the contrary, the enactment throughout distinctly reveals a legislative purpose to make this remedy summary in all its features.   A demurrer raises an issue of law, and the trial of such an issue, if regularly brought on, would at least involve the delay accasioned by a notice.   In view of the manifest purpose of the statute, it is to say the least, doubtful whether it contemplates the use of the demurrer either to the accusation or to the answer thereto filed by the accused.   However this may be, it is certain that the

statute nowhere grants the right of appeal from an order either allowing or overruling a demurrer. If the law regulating appeals from orders made upon demurrers interposed to the various pleadings in use in civil actions is to be imported into this statute by construction, it must follow that the whole law regulating such appeals must be imported, including the right to appeal from an order allowing or overruling a demurrer to the answer of the accused. Such a construction would be without any warrant in the language used in the statute, and would, in its practical effect, operate to defeat the obvious purpose of the legislature to afford a summary method of removing certain officers from office, for reasons stated in the statute. The statute creating this remedy, which is in addition to all other remedies for the removal of incumbents from office, after providing for a speedy trial of the accused and the entry of judgment, proceeds as follows: "A statement of the case may be settled and an appeal taken as provided by law in a civil action." From this language it appears that a right of appeal is in terms given by the same statute which creates the remedy, and it is our opinion that such right is and must be limited by the language which creates the right. The appeal can be taken after judgment, and no other appeal is mentioned. From this we think that it was the legislative purpose to restrict such right to one appeal, and that such appeal can be taken only after the entry of judgment. This construction is in harmony with the obvious legislative purpose, and the opposite view would, as we have seen, lead to intolerable delays in a proceeding which must be expeditious in order to be beneficial in its operation. There is a statement of the case in terms provided for. This, in our opinion, will amply protect an officer against erroneous rulings in the trial court, whether made upon objections to the preliminary papers, or arising at the trial, or upon the evidence. In this respect the statute is assimilated to the practice which prevails in Federal Courts when sitting in equity cases. In equity cases, in such courts, no appeal can be had upon interlocutory orders; but, after a final decree, an appeal

will lie, and the court reviewing the case may then pass upon all errors appearing upon the record. We deem it unnecessary to consider or determine whether the remedy we are discussing is or is not strictly a "special proceeding," within the meaning of that phrase as it is employed in the statute. If the proceeding should be classified as a special proceeding, because it is not a civil action,—a point not decided,—we should still regard the remedy as a special proceeding in a peculiar and limited sense. It is a remedy in which the legislature has seen fit to provide a special practice which governs in such proceeding only, and is not elsewhere used either in civil actions or in special proceedings, strictly so called. The legislature, in creating this remedy, has seen fit to borrow a few features only of the procedure which governs in civil actions; but the whole of such procedure has not been incorporated in this statute, nor can we find any support in the statute for the theory that an appeal may be taken upon any intermediate orders or rulings which a trial court may make prior to the entry of final judgment.

It follows from the conclusions we have reached in the case that we are not in a position to consider or decide any of the questions determined below. Having no jurisdiction to consider the case upon its merits, our duty is simply to direct the dismissal of the appeal, and an order to that effect will be entered.

We do not deem it advisable or proper to express any views we may have upon the merits of the law questions arising upon the record, despite the fact that we have been requested to do so. Having no jurisdiction to pronounce an authoritative decision, any views we might express upon the merits would be simply advisory, and would not be binding either upon the trial court or upon this court if the case should again reach this court after a trial below.

The appeal is dismissed. All concur.