(October 22, 1900.)

## PONTING v. ISAMAN.

[62 Pac. 680.]

APPEAL—JURISDICTION.—In a proceeding commenced by information
under section 7459 of the Revised Statutes to remove a county
officer, an appeal will lie on behalf of either the defendant or
the informant, and in such case the supreme court has jurisdiction
of the proceeding on appeal.

MOTION TO DISMISS.—Motion to dismiss an appeal taken by the
informant from an order dismissing the proceeding on the ground
that the supreme court has no jurisdiction of such appeal, de-
nied.

DEMURRER.—An information seeking to remove a county officer, on the ground that he had in numerous instances charged and col- lected illegal fees for services rendered by him, is not bad on demurrer on the ground that the information states several causes. of action.

REMOVAL OF COUNTY OFFICER.—An information which charges that the defendant, as county commissioner, charged and collected per diem and mileage for services rendered by him in viewing roads and bridges, and that he did so knowingly, wilfully and corruptly, states good cause for removal of such officer under sec- tion 7459, of the Revised Statutes, and a demurrer to such informa- tion on the ground that the same does not state facts sufficient to constitute a cause of action should be overruled.

(Syllabus by the court.)

APPEAL from District Court, Nez Perces County.

B. F. Tweedy and James W. Reid, for Appellant.

The supreme court of California holds that it, section 7459, *supra,* as section 772 of the California code includes willful or corrupt misconduct in office. (*Thurston v. Clark,* 107 Cal. 285, 40 Pac. 435; *Rankin v. Jauman,* 4 Idaho, 53, 36 Pac. 502; *Hays v. Simmons,* 6 Idaho, 651, 59 Pac. 182.) It is a well-defined public policy in this state that no person acting in an official capacity shall fix the price of materials furnished the public, or fix the compensation for services rendered or to be rendered by him for the public. (*Stookey v. Board,* 6 Idaho, 542, 57 Pac. 313.) The commissioners cannot ratify an act of a commissioner as an individual to bind the county when, in the first instance, they cannot bind the county by a contract with a commissioner as an individual. (*Waymire v. Powell,* 105 Ind. 328, 4 N. E. 886; Idaho Rev. Stats., sec. 1782; *Waymire v. Board,* 105 Ind. 600, 4 N. E. 890.) A fee for services out of session and for mileage out of session can- not be lawfully charged. (*Rankin v. Jauman,* 4 Idaho, 53, 394, 36 Pac. 502, 39 Pac. 1111.) Even the board and lodging of a commissioner while in attendance as a member of the board cannot be charged legally and lawfully as a part of the actual and necessary expenses while in the performance of official duty. (*Clyne v. Bingham Co.,* ante, p. 75, 60 Pac. 76;

*Ellis v. Bingham County,* ante, p. 86, 60 Pac. 82.) To unlawfully, willfully and corruptly charge and collect money to which an officer is not lawfully entitled from the county is a cause for removal. (*State v. Welsh,* 109 Iowa, 19, 79 N. W. 369.) The defendant knowingly, willfully and corruptly contracted with Miles S. Johnson to defend criminal cases. It is unlawful to employ him to assist in defending criminal actions and unlawful to pay him therefor. (*Conger v. Board,* 5 Idaho, 347, 48 Pac. 1064; *Gorman v. County Commissioners,* 1 Idaho, 553.) One ground of demurrer is that causes of action are misjoined in the complaint. It is not the idea of the law to divide grounds for removal of an officer into causes of action. The grounds are spoken of as charges. The courts do not test the sufficiency of the charges by technical rules of law. (*People v. Therrien,* 80 Mich. 187, 45 N. W. 78; *Dullam v. Wilson,* 53 Mich. 392, 19 N. W. 112, 51 Am. Rep. 128; *Burt v. Board,* 108 Mich. 523, 66 N. W. 387; Throop on Public Officers, secs. 381-382; Dillon on Municipal Corporations, 4th ed., secs. 254, 255.) The information in favor of the informant is to be liberally construed, if it were a complaint in a civil action, for this is the law as to the construction of pleadings in this state. (Idaho Rev. Stats., sec. 4207; *Cantwell v. McPherson,* 3 Idaho, 721, 34 Pac. 1065.)

Eugene O'Neill and Miles S. Johnson, for Respondent.

In penal actions general allegations are always insufficient. (16 Ency. of Pl. & Pr., 276; *People v. Fesler,* 145 Ill. 150, 34 N. E. Rep. 147; *United States v. Borneman,* 41 Fed. 751, 752; *State v. Wolfrum,* 88 Wis. 481, 60 N. W. 799.) We call special attention to the fact that no allegation is made anywhere in the information, except the bill itself, which is pleading evidence and not facts, showing where any illegal fees have been charged and collected for services rendered by the defendant in his office; or any allegation of his "refusal or neglect to perform the official duties pertaining to his office" said allowance to others being that he "allowed the following bill" and that he "knowingly, willfully and corruptly

assisted, etc." (*Hedges v. Dam,* 72 Cal. 522, 14 Pac. 133.) A demurrer admits the truth of such facts as are issuable and well pleaded; but it does not admit the conclusions which counsel may choose to draw therefrom, although they may be stated in the complaint. (*Branham v. M. & C. C. of San Jose,* 24 Cal. 602; *Payne v. Dewey v. Treadwell,* 16 Cal. 243, 244.)

QUARLES, J.—The respondent moves to dismiss this appeal on the ground that this court has no jurisdiction of the appeal. This contention is based upon the idea that this is a criminal action; that the state is the proper party plaintiff; that no appeal is granted by the statute to the state from an order or judgment in favor of the defendant dismissing the action, and therefore no appeal lies: To sustain this contention we are cited to the case of *State v. Ridenbaugh,* 5 Idaho, 710, 51 Pac. 750. The decision in that case has no bearing upon the case at bar. This is not a criminal action. It is expressly decided in *Rankin v. Jauman,* 4 Idaho, 53, 394, 36 Pac. 502, 39 Pac. 1111, that a proceeding of this kind is not a criminal action. If it be a criminal action, then it would necessarily follow that the action must be prosecuted in the name of the state, and that the prosecution must be upon indictment by a grand jury, or upon information by the public prosecutor, after commitment by a committing magistrate, under the express provisions of our constitution. The object of the statute under which this proceeding is had is to protect the public from corrupt officials, not to punish the offender. Under the provisions of section 9, article 5, of the constitution, and the provisions of section 4807 of the Revised Statutes, an appeal will lie to this court from the final decision of the district court on behalf of either party in a proceeding of this kind. To hold otherwise would be to overturn the theory upon which this court entertained jurisdiction in the following cases, to wit: *Rankin v. Jauman,* 4 Idaho, 53, 36 Pac. 502; *Rankin v. Jauman,* 4 Idaho, 394, 39 Pac. 1111; *Hays v. Simmons,* 6 Idaho, 654, 59 Pac. 182; *Hays v. Young,* 6 Idaho, 654, 59 Pac. 1113; *Smith v. Ellis,* ante, p. 199, 61 Pac. 695; *Miller v. Smith,* ante, p. 204, 61 Pac. 824. The motion to dismiss is denied.

We now come to the consideration of the demurrer to the information. The complaint consists of twenty-six paragraphs. The first alleges the official capacity of the defendant. The second, third, fourth, fifth, sixth, seventh, and eighth paragraphs set forth different instances in which the defendant charged and collected out of the county treasury of Nez Perces county, illegal fees for services claimed to have been rendered by him. These charges cover services rendered in viewing bridges and roads, to attendance at court in Vollmer and Bank cases, cash sums claimed to have been advanced by him for attorney fees and other purposes, and for mileage for travel in viewing roads and bridges and attending sessions of the board of commissioners. We quote the sixth paragraph of said complaint as a specimen of the paragraphs charging and collecting illegal fees, to wit:

"S. G. Isaman, acting in the capacity of commissioner of Nez Perces county while the board of commissioners of said county, were in session at their rooms in the courthouse at Lewiston, Nez Perces county, Idaho, allowed the following bill, to wit:

" 'Lewiston, Idaho, Sept. 14, 1899.
" 'Nez Perces County, Dr., to S. G. Isaman.

| | |
|---|---|
| To 3 days' services as comrs., 11th, 13th, 14th...... | $18 00 |
| " 3 miles .............. .......... .......... | 90 |
| " 3 days viewing roads...... .. .............. ........ | 12 00 |
| " 20 miles...... .. .... .. .... .. .......... | 6 00 |

"And on the back of the said bill is indorsed the following, to wit:

" 'Nez Perces. County, Idaho, Dr., to S. G. Isaman, cur. ex. fund, $36.90. Filed Sept. 14, 1899. P. S. Stookey, Clerk, by ———, Deputy.'

" 'Indorsed and allowed in the sum of $36.90, the 14th day of September, 1899. S. G. Isaman, Chairman of Board.'

" 'State of Idaho,   }
    County of Nez Perces, } ss.

" 'S. G. Isaman, being duly sworn, deposes and says that the within is a just account against Nez Perces county, that the

items therein named were furnished as therein stated, and that no part of the same has been paid.

" 'S. G. ISAMAN.

" 'Subscribed and sworn to before me this 14th day of Sept., 1899.          A. G. JOHNSON,

" 'Co. Com. 2d Dist.'

"The items in the said bill of ninety cents, twelve dollars and six dollars, are in addition to the six dollars *per diem* salary of the said commissioner, S. G. Isaman, and are not for expenses, actual and necessary, incurred by the said S. G. Isaman in the performance of his official duty as a commissioner of Nez Perces county; and the said items of account accrued after the second Monday of April, 1899, and are items of account for illegal fees against Nez Perces county, Idaho; and the said S. G. Isaman knowingly, corruptly, and willfully charged the said items of ninety cents, twelve dollars, and six dollars, in the aforesaid bill against the county of Nez Perces, and knowingly, willfully and corruptly received payment in full of the said items from Nez Perces county, Idaho."

Paragraphs 11 to 26, inclusive, charge the illegal allowance of similar fees by the said board of commissioners, the defendant participating therein, to William A. Black and A. G. Johnson, the other two county commissioners of Nez Perces county.

To the information the defendant filed a demurrer upon the following grounds, to wit: "1. That the information does not state facts sufficient to constitute a cause of action. 2. That several causes of action have been improperly united in this: That in an action purporting to allege that an officer within the jurisdiction of the court has been guilty of charging and collecting illegal fees for services rendered in his office has been united an action alleging, or purporting to allege, that an officer has allowed illegal fees to others. 3. That the plaintiff has not legal capacity to sue in this case, Nez Perces county being the proper party plaintiff."

As to the first ground of demurrer we will say that it sufficiently appears in each of the paragraphs of the information 2 to 8, inclusive, that the defendant, as county commissioner of

Nez Perces county, charged and received and collected from the said county, as county commissioner, illegal fees and charges for services rendered by him as said commissioner. While said paragraphs of the information state a cause for removal of the defendant from the county office held by him, yet the pleading is not in good form, and open to criticism, for that reason. It was illegal for said county commissioner to present to the board of commissioners claims for mileage, claims for services rendered as a viewer of roads or bridges, or claims for cash advanced by him as attorney fees. (See *Miller v. Smith* (Idaho), 61 Pac. 824.) The action of the district court in sustaining the demurrer to the information upon the first ground stated in the demurrer was erroneous, inexcusable, and in direct conflict with the decision of this court in *Miller v. Smith, supra.* The said demurrer upon the first ground should have been overruled.

The demurrer should also have been overruled as to the second ground. The first eight paragraphs of the information stating sufficiently grounds for the removal of the defendant from the office of county commissioner, showing, as said paragraphs did, the charging and collecting of illegal fees for services rendered by him as such county commissioner, was sufficient to authorize the district court to proceed, hear, and determine the proceeding, the proceeding, under the statute, being summary in its nature. It is true that paragraphs nine to twenty-six inclusive, stating facts showing the allowance of illegal fees to others, was improperly incorporated into said information; and while it is true that the matters contained in said last-named paragraphs were not proper matters for inquiry by the trial court in this proceeding, but were matters for investigation by the grand jury, under sections 7445, 7447, of the Revised Statutes, yet said paragraphs did not vitiate the information, and it was the duty of the trial court to strike said paragraphs nine to twenty-six, inclusive, so far as they charged the allowance of illegal fees to others than the defendant, from the information, with or without motion. To carry out the object and intent of section 7459 of the Revised

Statutes, it was the duty of the court to entertain this proceeding, and to hear and determine same upon the allegations contained in paragraphs 1 to 8, inclusive, of the information. If the allegations in those paragraphs of the information are proven to be true, it is the duty of the district court to make findings to that effect, and to enter a judgment removing the defendant from the office of county commissioner of Nez Perces county, and awarding to the plaintiff the statutory penalty of $500, and costs of the proceeding. For the foregoing reasons the judgment appealed from is reversed, and the proceeding is remanded to the district court, with instructions to proceed within twenty days from this date (October 22, 1900), to hear and determine this proceeding in accordance with the rules herein enunciated. Costs of this appeal awarded to the appellant.

Huston, C. J., and Sullivan, J., concur.