## JOHN M. RUTTER v. TERRITORY OF OKLAHOMA.

### (Filed February 18, 1902.)

1. **REMOVAL FROM OFFICE—Accusation.** The proceeding for removal from office is a special proceeding in which the statute requires that a copy of the accusation be furnished to the defendant with written notice that he shall appear before the district court of the county, and answer the accusation at a specified time, and that if he does not appear the court may proceed to hear and determine the accusation in his absence and which requires that within a specified time he shall answer to the truth of the accusation which may be oral, and that if he fail or refuse to answer the accusation the court must render judgment of conviction against him; and if he deny the matter charged the court must proceed to try the accusation. The proceeding does not require a formal arraignment of the defendant.

2. **SAME—Trial—Arraignment.** The proceeding for removal from office is to be conducted in all respects in the same manner as a trial for an indictment of a misdemeanor. In misdemeanors an arraignment may be waived by the defendant, and is waived by his filing an announcement that he is ready for trial.

3. **ARRAIGNMENT—Objections.** No demand was made for arraignment nor any objections to the manner of arraignment at the trial, nor at the time of the motion for a new trial nor in arrest of judgment. The objections come too late when made for the first time in this court.

4. **ACCUSATIONS—Sufficiency.** The accusations were sufficient in this case, having been made in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what was intended.

5. **SAME.** The subject of the accusation was the refusal of the defendant to serve and execute a tax warrant. It was not necessary, on behalf of the territory, to show that the tax warrant was, in all respects, regular, legal, and duly authorized. If the tax warrant was regular upon its face, and issued by a competent officer in the discharge of his legal duty, it was the duty of the sheriff to obey its command.

6. **ABSENCE OF JUDGE DURING TRIAL.** The judge left the bench for a few moments during the argument of the case and went

into his chamber adjoining the court room, the door of this chamber being immediately adjacent to the jury box and open. The judge was in full sight of the court room and hearing of counsel and in plain view of the jury. box, and heard the whole proceeding. There was here no absence from the court room or trial of the proceeding by the judge which would constitute error.

(Syllabus by the court.)

*Error from the District Court of Noble County; before Bayard T. Hainer, Trial Judge.*

*A. J. Biddison* and *Lewis P. Mosier,* for plaintiff in error.

*J. C. Strang, Attorney General, A. G. C. Bierer* and *C. J. Wrightsman,* for defendant in error.

## STATEMENT OF FACTS.

This is an accusation returned by the grand jury of Pawnee county on November 22, 1899, against Rutter, sheriff, for removal from office, alleging that "Rutter knowingly, wilfully, unlawfully and corruptly committed misconduct in office, to-wit: That he asked and received from one J. C. Stribbling, emolument, gratuity and reward, to-wit: $100 lawful money of the United States, for omitting, and upon the willful and corrupt agreement which he, the said Rutter, would omit the performance of an official duty of the said Rutter, in this, to-wit: 'That he, the said Rutter, being then and there the duly elected, qualified and acting sheriff of said county and territory, and then and there being in his possession for service and execution a tax warrant of date the 14th day of August, in the year of our Lord, 1899, duly issued by N. J. Green, county treasurer of said county, directed to said John M. Rutter, sheriff aforesaid, commanding him, the said Rutter, to levy the amount of $6,861.67, with fees for collecting the same, upon the goods and chattels of the said J. C. Stribbling, and

pay the same to the county treasurer, and so the grand jurors aforesaid, upon their oaths aforesaid, do accuse and charge that the said Rutter, in manner and form aforesaid, did willfully and corruptly ask, take and receive a gratuity and reward for omitting the performance of an official duty of him, the said Rutter, and thereby was guilty of wilful misconduct in office, contrary to the form of the statute in such case made and provided and against the peace and dignity of the Territory of Oklahoma.' "

The accusation alleged among other things that "Rutter is the duly elected, qualified and acting sheriff of that county; that on the 14th day of August, 1899, a tax warrant was issued by the county treasurer of that county and directed to him, Rutter, as sheriff, commanding him, the said Rutter, to levy the sum of $3,773, with his fees for collecting, of the goods and chattels of T. B. Jones, being the amount of taxes assessed against him, Jones, for the year of 1899, and the penalty thereon, and to pay the same to the county treasurer; and that on the 25th day of July, 1899, Rutter wilfully and corruptly asked and received from Jones emolument, gratuity and reward, to-wit: $25 for omitting the performance of an official duty of the said Rutter as sheriff of said county with returns of said tax warrant." The grand jury recommended that Rutter should be suspended from the duties of his office pending the investigation of the charges in the accusation.

The defendant accepted service and thereafter filed, successively objections to the legal sufficiency of the accusation, a motion to quash the same, and, again, objections to the accusation and also to quash, followed again by a motion to quash, and these motions having been overruled the

defendant filed an application for a change of venue, which was granted, and the case tried in Noble county.

The defendant being present in open court formally announced himself as ready for trial, and entered a plea of not guilty. ·The trial upon both accusations was, by consent of the defendant, thereupon consolidated and tried together. The cause was tried to a jury which found that the defendant was "guilty of wilful and corrupt practice in office, as charged in the first accusation, and, also, as charged in articles one and two of the second accusation as herein recited in both cases, and in both articles of the second accusation."

Opinion by the court by

McATEE, J.: The defendant was not formally arraigned, and it is now contended here that since this proceeding for the removal of a public officer is criminal in its nature that the omission of the arraignment was fatal to the proceeding. It is not so. The proceeding is a statutory one entirely, in which, by section 4922, Statutes of 1893, it is provided that "after receiving the accusation, the judge to whom it is delivered must forthwith cause it to be transmitted to the district attorney of the county or sub-division, excepting where he is the accused, who must cause a copy thereof to be served upon the defendant, and require, by written notice of not less than five days, that he appear before the district court of the county or sub-division and answer the accusation at a specified time* * * * * *."

Section 4923, "The defendant must appear at the time appointed in the notice, and answer the accusation, unless,

for sufficient cause, the court assigns another day for that purpose. If he do not appear, the court may proceed to hear and determine the accusation in his absence."

Sections 4924 and 4925 provide for the manner in which objections may be made to the sufficiency of the accusation, and that the objections must be in writing. And it is provided in sec. 4926 that "if he deny the truth of the accusation, the denial may be oral and without oath, and must be entered upon the minutes." And by sec. 4928 that "if the defendant plead guilty, or refuse to answer the accusation, the court must render judgment of conviction against him; and if he deny the matters charged the court must proceed to try the accusation." Sec. 4929: "The trial must be by jury and conducted in all respects in the same manner as the trial of an indictment for a misdemeanor."

There is here no provision for the formality of an arraignment; the provisions of the statute preclude any demand upon the defendant that he be arraigned, or any right on behalf of the territory that he shall be arraigned, and it is provided that he shall decide for himself, but it is specifically required that he shall have a copy of the accusations and a specific time in which to answer it, and that he must answer it; and that if he refuses to answer it "The court must render judgment and conviction against him."

In addition thereto the defendant consented to the consolidation of cases and plead "not guilty," and declared himself ready for trial.

The statute requires that the trial must be by jury, and conducted in all respects in the same manner as a trial of an indictment for a misdemeanor.

If an arraignment could even be inferred from the language of the statute which provides for a special proceeding in these cases, it would have been waived by the conduct of the defendant, who, while being present in court, announced himself as "ready for trial," and consented to the consolidation of the two cases against him and plead not guilty to both of them. (*State of Kansas v. Cassidy*, 12 Kan. 551.)

In addition thereto the defendant did not demand arraignment, did not except to the fact that he was not arraigned, and abandoned his right to arraignment, if it had been a right, and took no exceptions to it at the time nor ever called the attention of the trial court to the omission in his motion for a new trial, or in arrest of judgment. Even if the objection would have been valid it comes too late, being made for the first time in this court. (*The City of McPherson v. Manning*, 43 Kan. 129.)

Touching the objection contended for that the accusations were insufficient, it may be said that they charged that the sheriff was, at the time of the alleged indictment and corruption, charged with official duties, to-wit: The collection of a specific amount of money contained in the tax warrant, and that he corruptly received money for refusing to do the duty with which he was charged under those warrants. The accusation stated the offense in ordinary and concise language and in such a manner to enable a person of common understanding to know what was intended.

We understand by this provision of the statute that the defendant, in the proceeding under consideration, cannot stand upon all the technicalities which have been or may be devised in the testing and trial of an indictment; and

there is good reason for this position found not only in the express direction of the statute, which has been herein recited,' but also in the fact that no criminal punishment is imposed as a result of a verdict of guilty of the matters charged in the accusation; but that the judgment founded thereon shall be "removal from office," a relief which should be ready, speedy, and accessible in behalf of the people who have selected the official and who ought to, if the charge of the corruption and wilful misconduct of officials whom they have elected has been sustained upon an accusation expressed in such plain and simple language as that a person of plain and common understanding may know what is intended.

It is also specified as error that no evidence was introduced showing, or tending to show, that there was any authority in the county treasurer to issue a tax warrant at that time for the taxes of 1899, and that consequently the sheriff should not be found guilty of misconduct in office for omission to serve and execute a tax warrant when it was not shown, on behalf of the territory, that the tax warrant was, in all respects, legal and duly authorized. It was not necessary for the territory to show any such thing. If the tax warrant was regular upon its face, and issued by a competent officer in the discharge of his legal duty, it was the duty of the sheriff to obey its command. The *onus probandi* is upon the sheriff to show the irregularity or illegality, if any, of the warrant. (*People v. Palmer*, 46 Ill. 398; *Fletcher v. Bradley*, 12 Vt. 22; *Rogers v. Marlborough County S. C.*, 11 S. E. 383.)

The defendant objects to the sufficiency of the testimony as tending to show that Rutter was himself chargeable

with the corrupt misconduct charged in the accusation. We have examined the record and think there was sufficient evidence reasonably tending to sustain the accusation upon this point, proper to go to the jury and adequate upon which to base the verdict of guilty.

It was alleged as error, upon the motion for a new trial, that the judge of the court vacated the bench and retired from the court room, and was not present to hear objections or to preside at the trial. Affidavits were introduced upon this matter which we have read. The judge left the bench for a few moments during the argument of the case and went into his chambers adjoining the court room, the door of this chamber being immediately adjacent to the jury box and open. The judge was in full sight of the jury and court room, and hearing of counsel and in plain view of the jury box and heard the whole proceeding. This was not error. (*State v. Smith*, 49 Conn. 383.)

We find no error in the record. Judgment affirmed.

Hainer, J., who presided in the court below, not sitting; all the other Justices concurring.