## STATE v. SCARTH.

No. 20413. Opinion Filed Sept. 22, 1931.

Ted Morgan, Co. Atty. (A. J. Morris, of counsel), for plaintiff in error.

Pruett & Wamsley, for defendant in error.

CULLISON, J. This is a proceeding to remove J. H. Scarth, defendant, from office under a grand jury accusation. Defendant's demurrer to the accusation was sustained by the court, and the state appealed. Defendant was a member of the board of county commissioners of Caddo county, Okla., and as such county commissioner, the grand jury of Caddo county, Okla., on September 22, 1928, returned an accusation against defendant seeking his removal from office.

Defendant was given the statutory notice, and filed his answer objecting to the legal sufficiency of the accusation and denying the truth of the same. Said objections in the answer were heard by the court and overruled, from which order no appeal was taken, leaving that part of the answer stand which denied the truth of the allegations contained in the accusation and each and every count and article thereof.

Thereafter, on February 4, 1929, the journal entry in the record recites that defendant secured permission to withdraw his answer for the purpose of filing a general and special demurrer to the accusation of the grand jury.

The journal entry further recites that said demurrer was duly considered by the court and sustained, for the same reasons and upon the same grounds as stated by the court in sustaining the demurrer of the defendant to the accusations in the case of State v. W. E. Smith, 151 Okla. 183, 3 P. (2d) 178, in which case the demurrer was sustained on the theory and for the reason that an accusation by the grand jury for the removal of an officer was a criminal proceeding and should be construed in accordance with the procedure in indictments for criminal offenses. The court also ordered the accusation dismissed without prejudice. From this ruling of the court the plaintiff appeals.

Plaintiff presents two propositions of law to substantiate its contention that the court erred in sustaining the demurrer (brief, page 13). First proposition of law: The district court is without jurisdiction, at a subsequent term, to vacate or modify its judgments or orders unless there is a substantial compliance with the statute. Second proposition of law: A proceeding to remove an officer from office is a special proceeding of a civil nature, and the same strictness of pleading is not required as in criminal actions.

In the consideration of the above propositions of law, we consider that a decision of the second proposition adequately covers this case and that it is unnecessary to discuss and decide the first proposition by plaintiff.

This proceeding was instituted under sections 2394-2405, inclusive, Compiled Oklahoma Statutes 1921. Section 2394 provides the causes for removal from office, among which are habitual or willful neglect of duty and willful maladministration. Section 2395 provides that the grand jury shall present an accusation in writing charging such officer with any of the causes of removal mentioned in the preceding section. Section 2396 provides the accusation must state the offenses charged in ordinary and concise language without repetition and in such manner as to enable a person to easily comprehend the same. Section 2397 provides that the prosecuting officer must cause a copy of the accusation to be served upon the defendant and written notice of not less than 5 days that he appear before the district court and answer the accusation. Section 2398 provides that the defendant must appear at the time appointed in the notice and answer the accusation, and if he does not appear, the court may proceed to hear and determine the accusation in his absence. Section 2399 provides that the defendant may answer the accusation either by objecting to the sufficiency thereof, or of any article therein, or by denying the truth of the same. (Showing that the Legislature intended that more than one ground for removal could be contained in the accusation.) Section 2400 provides:

"If he objects to the legal sufficiency of the accusation, the objection must be in writing, but need not be in any specific form, it being sufficient if it presents intelligently the grounds of the objections."

California has the same procedure for removal of officers as outlined above. The California Code was enacted February 14, 1872, and the court, in passing upon the statutes in question in the case of In re Burleigh, 78 P 242, held:

"That an accusation of a public officer for offenses in office, brought merely for the purpose of removing him from office, was not an indictment, and hence was not objectionable on the ground that it contained more than one offense."

And in the body of the opinion, the court discussed the matter in detail as follows:

"A written accusation under sections 758 et seq. of the Penal Code was made by a grand jury, charging the respondent, Burleigh, with misconduct in his office of supervisor. He filed what we suppose may be called a demurrer: that is, a written document containing objections 'to the legal sufficiency of the accusation' as provided in

sections 762 and 763. The demurrer was based on several grounds, and, among others, that the accusation did not substantially conform to the provisions of the Penal Code, or sections 950, 951, or 952 thereof, and that more than one offense was charged. The court below sustained the demurrer, stating in its order that it was sustained for the reason that more than one offense was charged therein. The people appeal from the judgment.

"The appellants concede that, if the accusation is to be treated as an indictment, then the demurrer was properly sustained. They contend, however, that an accusation under section 758 is not an indictment. They also concede that, if that be so, then the people have no appeal, and this appeal would have to be dismissed. Notwithstanding this peculiar position occupied by appellants, still, in order to reach the proper judgment to be rendered on this appeal * * * it seems necessary to determine whether or not the accusation under section 758 is, in law, an indictment, and the trial under it subject to the rules which apply to the trial of an indictment; and, in our opinion, such accusation is not an indictment, and is not to be treated as such.

"The main argument of respondent is that an accusation comes strictly within the definition of an indictment, which is defined in section 917 as follows: 'An indictment is an accusation in writing presented by the grand jury to a competent court, charging a person with a public offense.' But an accusation under section 758 is not an accusation 'presented by a grand jury to a competent court'; it 'must be delivered by the foreman of the grand jury to the district attorney.' When an indictment is found by a grand jury, it 'must be presented by their foreman in their presence to the court' (section 944), and must have certain indorsements; and the defendant may, on motion, have the indictment set aside 'where it is not found, indorsed, and presented as prescribed in this Code.' Section 995. The proceedings on an indictment, and the consequences following a judgment thereon, are entirely different from those accompanying the trial on an accusation under section 758. A warrant of arrest follows an indictment, under which the defendant is immediately imprisoned unless he gives bail. Nothing of the kind occurs on an accusation; the party accused is merely served by the district attorney with a copy of the accusation. and notified to appear within a certain time and answer it, and may appear or not as he chooses. as in a civil action. In an indictment, only one public offense can be charged: its main purpose is to punish the defendant for the commission of a crime, and an acquittal or conviction is a bar to a future prosecution for the offense charged. The main purpose of the accusation under section 758 is to remove a person from public office for misconduct in such office; the misconduct charged need not necessarily include

an act which would itself constitute a crime, and, if it does include such crime, the judgment on the accusation would not be a bar to a subsequent prosecution for such crime. The judgment can go only to the extent of a removal from office. The provisions of the Penal Code clearly make a distinction between an indictment or information, and the procedure by accusation here under review. Section 682 provides that 'every public offense must be prosecuted by indictment or information except— 1. Where proceedings are had for the removal of civil officers of the state.' Again, it is provided in section 888 that 'all public offenses triable in the superior court must be prosecuted by indictment or information, except as provided in the next section;' and the next section (889) provides that 'when the proceedings are had for the removal of district, county, municipal, or township officers, they may be commenced by an accusation or information in writing, as provided in sections 758 and 772.' "

The Dakota Code and the Code of North Dakota have the same provisions relative to the removal of officers by accusation as contained in the California Code and our statutes. In construing the North Dakota statutes relative to the removal of officers, in the case of State v. Borstad, 147 N. W. 380, their Supreme Court, in construing said statute, said:

"The proceedings provided for in section 9646, R. C. 1905, are neither civil nor criminal, but of a character peculiar to themselves. The remedy is one 'in which the Legislature has seen fit to provide a special practice which governs in such proceedings only, and is not elsewhere used. either in civil actions, or in special proceedings, so called. The Legislature creating this remedy has seen fit to borrow a few features only of the procedure which governs in civil actions; but the whole of such procedure has not been incorporated in the statute.' The act, indeed, establishes its own due process of law. Myrick v. McCabe, 5 N. D. 422, 67 N. W. 143; Rankin v. Jauman, 4 Idaho, 394, 39 P. 1111; Woods v. Varnum, 85 Cal. 639, 24 P. 843; Skeen v. Craig, 31 Utah, 20, 86 P. 487; Ponting v. Isaman, 7 Idaho, 283, 62 P. 680; Fuller v. Ellis, 98 Mich. 96, 57 N. W. 33. The object of the statute is to protect the public from corrupt officials, and not to punish the offenders. Ponting v. Isaman, 7 Idaho, 283, 62 P. 680. The right of the Legislature to act in the matter arises from the exigencies of government, and is to be found in its inherent power to act upon all subjects of legislation, subject only to constitutional restrictions. There are to be found in the Constitution of North Dakota no provisions which forbid a special procedure in such matters."

This court passed upon our statutes relative to the removal of officers by accusation in the case of Maben v. Rosser, 24 Okla.

588, 103 P. 674. Justice Hayes delivered the opinion of the court, and stated, in part:

"We are not impressed with the argument that this is a criminal action of the class of a misdemeanor. It is not defined to be such by any statutory provision. Our statutes provide that remedies in the courts are divided into two classes, to wit, actions and special proceedings. An 'action' is defined to be an ordinary proceeding in a court of justice in which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense. All other remedies are classed as 'special proceedings.' Actions are divided into two classes, to wit, civil and criminal. A 'criminal action' is defined to be one prosecuted by the state as a party against a person charged with a public offense for the punishment thereof. Every other action is a 'civil action.' Sections 4201 and 4206, Wilson's Rev. & Ann. St. 1903. The class to which any proceeding belongs is determined by the relief sought and the judgment that can be rendered. A proceeding to remove an officer under article 4, Wilson's Rev. & Ann. St. 1903, is not to punish for a violation of the penal laws. No judgment assessing a fine or imprisonment can be rendered in such action. The purpose of it is to relieve the people from faithless, corrupt officers, who have violated their trust, by affording a speedy and adequate means for their removal. That its object is not to punish for an offense committed against the penal law is evidenced by the fact that the remedy it affords and the judgment that can be rendered in such action can only be availed of while the defendant occupies his office. If the offense be not discovered during the pendency of his term, the action will entirely fail to serve the purpose of affording a punishment for the offense committed.

"In Rutter v. Territory, 11 Okla. 454, 68 P. 507, which is an action brought under the statute now under consideration, Mr. Justice McAtee, speaking for the court, said: 'We understand by this provision of the statute that the defendant, in the proceeding under consideration, cannot stand upon all the technicalities which have been or may be devised in the testing and trial of an indictment; and there is good reason for this position found not only in the express direction of the statute which has been herein recited, but also in the fact that no criminal punishment is imposed as a result of a verdict of guilty of the matters charged in the accusation, but that the judgment founded thereon shall be removal from office, a relief which should be ready, speedy, and accessible in behalf of the people who have selected the official and who ought to, if the charge of the corruption and willful misconduct of officials whom they have elected has been sustained upon an accusation expressed in such plain and simple language as that a person of plain and common understanding may know what is intended.' The court in the first syllabus to this case held that such a proceeding is a 'special proceeding' to be conducted under the procedure prescribed therefor by the statute. This expression of the court in the syllabus, in our view, is supported by the weight of authority in number, as well as by the better reasoned cases. Skeen v. Craig, 31 Utah, 20, 86 P. 487; Rankin v. Jauman, 4 Idaho, 53, 36 P. 502; Ponting v. Isaman, 7 Idaho, 283, 62 P. 680; Myrick v. McCabe, 5 N. D. 422, 67 N. W. 143."

The holdings of the courts just cited, construing and interpreting the sections of the statutes under consideration, hold that the proceedings leading up to the trial of the accusation for the removal of an officer are not criminal in their nature, but rather that said statutes provide their own due process of law. Sections 2394-2405, inclusive, provide the complete procedure for the removal of an officer under the accusation of a grand jury.

In the Rutter Case this court held that the defendant cannot stand on the technicalities which have been or may be devised in the testing and trial of an indictment. If he cannot stand on the technicalities used in testing criminal indictments, then the legislative intent was that the statute provides its own due process of law as held by North Dakota.

There are additional reasons substantiating the view that the proceedings under an accusation by a grand jury cannot be construed as a criminal proceeding. The defendant when charged by accusation is not placed under arrest, neither is he required to give bail for his appearance at the trial. The statute provides that if defendant does not appear on the answer day, the court may proceed to hear and determine the accusation in his absence. If the verdict should be against defendant on trial of the accusation, the only judgment the court can render against him is that he is removed from office. He cannot be fined or imprisoned under the accusation, but is subject to criminal prosecution for any violation of the Criminal Code in a separate and distinct criminal proceeding.

Section 174, Compiled Oklahoma Statutes 1921, provides: "Actions are of two kinds: First, civil; second, criminal." Section 175, C. O. S. 1921, provides: "A criminal action is one prosecuted by the state as a party, against a person charged with a public offense, for the punishment thereof." Section 176, C. O. S. 1921: "Every other is a civil action."

In the case of Myers v. State, 137 Okla. 272, 278 P. 1106, this court held, syllabus 1: "An action to remove county commissioners on an accusation of a grand jury is a special proceeding."

The court holds that this is a special proceeding. Our statutes provide that actions are civil or criminal, and after defining a criminal action as one prosecuted by the state against a person charged with a public offense, for the punishment thereof, the statute states, "every other is a civil action."

The statutes for removal of officers provide their specific procedure leading up to the trial, but where the procedure is not sufficiently full and explicit, the same being a special proceeding, civil in its elements, the civil procedure will be invoked by the court.

We are of the opinion, and so hold, that a proceeding to remove an official from office as heretofore discussed is a special proceeding, civil, and not a criminal action.

Defendant relies on the statutes and theory of law that the proceedings to remove a public official under sections 2394-2405, C. O. S. 1921, are criminal proceedings, and that all proceedings had thereunder must be construed in conformity with our Criminal Code. That a strict construction must be placed upon the accusation returned by the grand jury just as an indictment in a criminal case is strictly construed, and that the accusation returned by the grand jury must comply with all the tests prescribed for a criminal indictment and must have indorsed thereon the names of witnesses and the approval of the prosecuting officer.

We have, therefore, cited the holdings of this court on the statutes in question, and have also cited other authorities interpreting statutes identical with our statute under consideration, and all such holdings are against the contention of defendant.

The courts have uniformly held that said proceedings to oust an officer from office are not criminal, but are a special proceeding, civil in its elements, and since said proceeding is not criminal, the same strictness of construction should not be applied in testing pleadings used to determine whether or not the official should be removed from office.

In a civil cause there is no requirement that the names of witnesses be indorsed on the accusation, and neither do our statutes covering removal of officers require that the names of witnesses be indorsed on the accusation.

The intent and purpose of the statute for removal of officers was to provide a speedy and adequate remedy for the people to remove an unworthy and unfaithful official. Where the grand jury investigates the officer's conduct and returns an accusation against him charging an officer with any of the causes for removal set out in section 2394, said accusation being in ordinary and concise language without repetition and in such manner to enable a person of common understanding to know what is intended, that is all that is required by section 2396 for a good and valid accusation. There was no intention that the accusation should be drawn as technically as an indictment, neither is the accusation subject to the same technical objections as is an indictment for a crime, as held by this court in Rutter v. Territory, 11 Okla. 454, 68 P. 507. Section 2399 provides that defendant may answer the accusation either by objecting to the sufficiency thereof, or of any article therein, or by denying the truth of the same. If he objects to the accusation, said objection must be in writing, but need not be in any specific form. If the objection to the accusation be not sustained, defendant must answer the accusation forthwith. The procedure as outlined above is the procedure established by the statutes providing for the removal of officers. Said procedure provides speedy and adequate trial, but the Legislature threw proper and adequate safeguards about the defendant in the matter of his trial (section 2404) and provided that the trial should be as a trial of an indictment for a misdemeanor.

This court passed upon the matter of the trial of the defendant under an accusation in the case of Myers v. State, 137 Okla. 272, 278 P. 1106, and properly interpreted the section of the statutes relative to the trial of such cause. In the case at bar we are interpreting the statutes relative to a removal of officers under grand jury indictment from the beginning of said accusation up to the trial, while the Myers Case construed the law pertaining to the trial. After due consideration of the case at bar and the authorities, we hold that the accusation is a good and sufficient accusation, and that the lower court erred in sustaining the demurrer to the accusation and dismissing the same. The demurrer should have been overruled. The ruling of the lower court is reversed and the cause remanded to the trial court, with directions to set aside the order sustaining the demurrer and dismissing the accusation and cause defendant to answer forthwith to the accusation.

LESTER, C. J., and RILEY, HEFNER. SWINDALL, McNEILL, and KORNEGAY,

JJ., concur. CLARK, V. C. J., dissents. ANDREWS, J., absent.