Kenneth REUBIN, Petitioner,

v.

Joe THOMPSON, District Judge District No. 20, Johnston County, Oklahoma, Respondent.

No. 41636.

Supreme Court of Oklahoma

Sept. 21, 1965.

Welch & Minter, Madill, for petitioner.

James C. Mathers, County Atty. of Johnston County, Tishomingo, Carloss Wadlington, Ada, for respondent.

PER CURIAM.

This is an original action by Kenneth Reubin (petitioner) for a writ prohibiting Joe Thompson, Judge of the District Court of Johnston County, Oklahoma (respondent), from enforcing an order made by respondent in which he sustained an application for a change of venue in a matter pending in said court. Petitioner also asks for vacation of the order.

The essential facts are that a grand jury accusation was presented to the District Court of Johnston County, Oklahoma, in which the petitioner, as sheriff of said county, was charged with misconduct and subject to removal from office. The accusation and petition for removal of petitioner from office were presented pursuant to 22 O.S.1961, §§ 1181–1197. The number and style of the matter was No. 8068, Grand Jury of Johnston County v. Kenneth Reubin, Sheriff of Johnston County, Oklahoma. Thereafter, and subsequent to various proceedings therein which are not necessary to narrate, the plaintiff therein (Grand Jury of Johnston County) filed an application for a change of venue and trial of the matter in another county. The application was based on allegations that a fair and impartial trial in the proceeding could not be had in Johnston County. Respondent heard the application and, over the objections of the petitioner, sustained the application for change of venue and made an order to that effect.

In the present action the petitioner asks that this court prohibit the respondent from enforcing or executing such order and prays that the order be vacated. The alleged basis for the writ and vacation of the order is that the plaintiff (Grand Jury of Johnston County) in the ouster proceeding had no authority or right to apply for a change of venue, and that respondent attempted to exercise judicial power not warranted by law when he granted the application.

Petitioner relies on that portion of Sec. 1195 of 22 O.S.1961 (relative to rights of the accused in proceedings to remove public officers), which reads as follows:

"* * * The accused shall have the right to change of judge, or to a change of venue, on application to the court, or to the judge if the court be not in session, on making the showing required to change the venue in a criminal case, and if the application be allowed the matter shall be sent for trial to the nearest adjoining county, and in which the objections stated as ground of change do not exist, and trial shall be there had at the earliest possible date. But one such change shall be allowed. * * *"

It is petitioner's position that this special statute is controlling in public officer removal proceedings, and, since it gives the privilege or right to a change of venue only to petitioner (the accused), such privilege or right is vested exclusively in him.

Respondent contends to the contrary and cites, as a basis therefor, our holding in State v. Scarth, 151 Okl. 178, 3 P.2d 446, 81 A.L.R. 1082:

"An action to remove an official under a grand jury accusation under sections 2394–2405, inclusive, Comp.St. 1921, is a special proceeding, providing its own due process, being a civil action, where its own provisions do not adequately provide the procedure, civil procedure will be invoked."

At this point we note that the controversy in the Scarth case was as to the sufficiency of the grand jury accusation, and not whether a change of venue was lawfully granted.

Respondent reasons and argues that the above quoted laws from the Scarth case renders applicable and operative the provisions of the code of civil procedure set forth in 12 O.S.1961, § 140, and that either party to the removal proceedings had the right to make application for a change of venue. Section 140 is as follows:

"In all cases in which it is made to appear to the court that a fair and impartial trial cannot be had in the county where the suit is pending, the court may, on application of either party, change the place of trial to some county where such objections do not exist."

As stated above, 22 O.S.1961, § 1195, is one of a number of statutes prescribing the grounds and the procedure to be followed to procure the removal of public officers because of their misconduct. In addition to the above quoted portion of Sec. 1195, it is provided therein, that after complaint is filed the accused may be suspended from office if sufficient cause is shown, and if suspended the accused is entitled to a trial within or at a specified time, or to a continuance. The section also provides for filling the public office during the suspension. The statute is special and was clearly enacted for the purpose of dealing with the particular subject of procedure and trial for removal of public officers.

Section 140 of 12 O.S.1961, supra, is a part of the code of civil procedure and applies to civil cases in general.

In State ex rel. Williamson v. Evans, Okl., 319 P.2d 1112, we stated:

"A statute which is enacted for the primary purpose of dealing with a particular subject, and which prescribes the terms and conditions of that particular subject matter, prevails over a general statute which does not refer to the particular subject matter, but does contain language which might be broad enough to cover the subject matter if the special statute was not in existence."

Also in State ex rel. White for Use and Benefit of Bd. of County Com'rs of Grady County v. Beeler, Okl., 327 P.2d 664, we held:

"Where there are two provisions of the statutes, one of which is special and particular and clearly includes the

matter in controversy, and where the special statute covering the subject prescribes different rules and procedure from those in the general statute, it will be held that the special statute applies to the subject matter, and that the general statute does not apply."

See also Whittier v. Murrell, Okl., 362 P.2d 694.

 It is our opinion that the special statute, Sec. 1195, supra, is the applicable and controlling statute in the present situation. If the legislature had desired or intended that a party to the removal proceeding, other than the petitioner (accused therein), was to have the right to apply for a change of venue, it would have made such a provision. From our examination of the provisions of this statute it is evident that the legislature intended that the trial should be held in the county in which the county officer was elected, where the witnesses are available and the issues may be fully and completely explored, unless the accused exercises his right for a change of venue in the manner prescribed by law.

In 92 C.J.S. Venue § 128, p. 823, it is stated:

"Subject to such limitations as may be imposed by the state and federal constitutions, the legislatures of the various states have power to provide for changes of the venue in civil actions, the procedure to be followed, and the terms and conditions on which they shall be granted, and, where such provision has been made, the right to a change of venue can be asserted and exercised only in compliance therewith, * * *."

See also 56 Am.Jur. Venue, Sec. 44; Bullock v. State of Maryland, 230 Md. 280, 186 A.2d 888; State ex rel. State Highway Commission of Missouri v. Curtis, 365 Mo. 447, 283 S.W.2d 458; Floor v. Mitchell, 86 Utah 203, 41 P.2d 281; State ex rel. Goins v. Sommer, 239 Ind. 296, 156 N.E.2d 885; Riverside Co. Fl. Con., etc. v. Joseph W. Wolfskill Co., 147 Cal.App.2d 714, 306 P.2d 22.

It is our conclusion that in granting the application for change of venue the respondent attempted to exercise a judicial power not warranted by law. In State v. Evans, supra, we quoted with approval as follows:

" 'When a district judge makes an unwarranted and therefore unauthorized or unlawful application of judicial power he may be and should be prohibited.' "

The writ of prohibition and order herein sought are hereby granted.

JACKSON, V. C. J., and DAVISON, IRWIN, HODGES and LAVENDER, JJ., concur.

HALLEY, C. J., and WILLIAMS, BLACKBIRD and BERRY, JJ., dissent.