O'BRYAN, *County Judge*, v. STATE.

No. 1155.   Opinion Filed May 31, 1910.

(109 Pac. 304.)

**REVIEW ON APPEAL.** Reversed and remanded on motion of the Attorney General, on account of the insufficiency of the evidence to sustain the judgment rendered below.

(Syllabus by the Court.

*Error from District Court, Woodward County; R. H. Loofbourrow, Judge.*

T. L. O'Bryan, County Judge of Woodward County, was convicted of wilful and corrupt conduct in office, and he brings error. Reversed and remanded, with directions.

*David P. Marum, Francis C. Price, C. W. Herod, and S. M. Smith,* for plaintiff in error.

KANE, J. It seems that a grand jury of Woodward county returned an accusation, charging the plaintiff in error, T. L. O'Bryan, as county judge, with wilful and corrupt misconduct in office. It was charged that certain criminal prosecutions were pending in the county court against Buck Walsh and James Koon, charging them, in separate complaints, with certain violations of the prohibitory liquor law. As to the Buck Walsh prosecution, it was charged in the accusation that the defendant, as county judge, upon the motion and request of the county attorney, dismissed it and fined Walsh $50 and costs, well knowing that he had no power or authority under the laws of the state of Oklahoma to do so, and that by reason of such acts and conduct it is charged that defendant did unlawfully, wilfully, and corruptly dismiss said cause, and was guilty of unlawful, wilful, and corrupt misconduct in office. As to the James Koon prosecution, the accusation charges that defendant, as county judge, dismissed it upon condition that he pay a fine of $50 and costs, and that said fine and costs were paid into

court, and said order of dismissal made by defendant, well knowing that he had no power, jurisdiction, or authority to enter a fine of less than $50 and costs and 30 days in jail, and also knowing at the time that the true name of the defendant was not James Koon, as charged, but Ben Schleeter. On trial before a jury, the county judge was found guilty of wilful and corrupt misconduct in office, upon which verdict judgment removing him from office was entered. To reverse this judgment this proceeding in error was commenced.

There was no brief filed on behalf of the state in the above-entitled cause. When it was reached on call, Assistant Attorney General Matson appeared and stated, in substance, in open court, that the cause below was prosecuted by private counsel; that he had written to said counsel several times in relation to filing a brief on behalf of the state in this court, and had been unable to hear from them in relation to the matter; that after the failure of counsel who prosecuted the case below to file a brief in this court, he carefully examined the record, and it was, his opinion that there was no evidence tending to show that Judge O'Bryan acted corruptly in relation to the matters charged against him in the accusation. He thereupon advised the court that the judgment of the lower court ought to be reversed. Since the recommendation of the Assistant Attorney General, the court has carefully examined the record, and agrees with him as to the insufficiency of the evidence to sustain the judgment of removal.

The judgment of the court below is accordingly reversed, and the cause remanded, with directions to set aside the judgment removing the defendant from office.

All the Justices concur.