STATE of Oklahoma ex rel. the GRAND
JURY OF McCURTAIN COUNTY,
Oklahoma, Petitioner,

v.

Honorable Pat PATE, District
Judge, Respondent.

No. 51546.

Supreme Court of Oklahoma.

Nov. 29, 1977.

Larry Derryberry, Atty. Gen. of Oklahoma, Bill J. Bruce, Asst. Atty. Gen., Oklahoma City, for petitioner.

John E. Shipp, Shipp & DeWitt, Inc., LeForce & McCombs, Idabel, for respondent.

BERRY, Justice.

The precise question for decision is to determine whether Art. II § 18, Okla. Const., as amended in 1971, was repealed and amended in such a manner that a duly empanelled grand jury can legally be called to initiate a proceeding of "Accusation For Removal" against a county official of this State. We answer in the affirmative. In so doing we confine our answer to the academic question above and not to the substance, wording or legal sufficiency of the bill of accusation.

■ In assuming jurisdiction we recognize the public concern which surrounds this important function of the principles of our governmental process. *Wiseman v. Boren*, Okl., 545 P.2d 753; *State ex rel. Harris v. Harris*, Okl., 541 P.2d 171.

The facts framing the issue are not complicated. A Grand Jury in McCurtain County was duly empanelled on August 29, 1977. While empanelled it brought in a bill of Accusation For Removal of Fayrene Benson as County Superintendent of McCurtain County under the provisions of 22 O.S.1971 § 1182.

After a number of disqualifications by certain participating public officials and proper substitutions made, the matter came on to be heard. After appearances the assigned judge who is respondent herein, sua sponte, read a prepared order. The order contained citations, authority, supportive reasoning and with appropriate language dismissed the case.

From the order of dismissal petitioner asks this Court to assume original jurisdiction against this respondent and bar the filing of the order dismissing Accusation for Removal.

After citing Art. II § 18, Okla.Const., as amended 1971, respondent's order found and concluded that:

"The Grand Jury . . . has no legal capacity to sue and is not a proper party for removal since Title 22 [O.S. 1971] Sec. 1182, 1910, has been expressly repealed."

Section 1182, *supra*, provides in part:

"An accusation in writing, charging such officer with any of the causes for removal . . . may be presented by the grand jury to the district court of the county in or for which the officer is elected or appointed . . ."

Section 18, *supra*, [1971] in part provides:

". . . the grand jury in investigating crimes which are alleged to have been committed in said county or involving multicounty criminal activities; when so assembled such grand jury shall have power to inquire into and return indictments for all character and grades of crime. *All other provisions of the Constitution or the laws of this state in conflict with the provisions of this constitutional amendment are hereby expressly repealed.* Amended by State Question No. 457, Legislative Referendum No. 170, adopted at election Aug. 27, 1968; State Question No. 483, Legislative Referendum No. 189, adopted at election held Dec. 7, 1971." [emphasis added]

Respondent contends that § 18, *supra*, prior to the 1971 amendment, permitted "such other powers as the legislature may prescribe" and provided for a grand jury. This constitutional provision, prior to the amendment, was in part as follows:

". . . when so assembled such grand jury shall have power to investigate and return indictments for all char-

acter and grades of crime, *and such other powers as the Legislature may prescribe*: Provided, that the Legislature may make the calling of a grand jury compulsory." [emphasis added]

Respondent determines that the wording of § 18, as amended, must be strictly construed and limited in its construction insofar as it pertains to powers left in the grand jury. Further that all authority for a grand jury except specifically therein contained is now repealed.

Petitioner cites Art. V § 36, Okla.Const., which states:

"The authority of the Legislature shall extend to all rightful subjects of legislation, and any specific grant of authority in this Constitution, upon any subject whatsoever, shall not work a restriction, limitation, or exclusion of such authority upon the same or any other subject or subjects whatsoever."

■ We agree with petitioner that the law making power of the legislature is supreme within its proper sphere; and is restricted and limited only by constitutional provisions. *State v. Hooker*, 22 Okl. 712, 98 P. 964.

Respondent argues that § 18, as amended, has "expressly" repealed a grand jury's power to initiate an ouster proceeding as provided in § 1182, *supra*. We fail to see any language in § 18, as amended, which would expressly repeal § 1182, *supra*, or the legislative power to create such a provision. On the contrary to do so we conclude it would have been necessarily by implication.

■ Repeals by implication are not favored; see 13 Okl. Digest, Statutes, ■■■■ ■■

In *Tate v. Logan*, Okl., 362 P.2d 670, 674, we cited and quoted from Application of Oklahoma Capitol Improvement Authority, Okl., 355 P.2d 1028, 1031:

"The function of the court is clearly limited to the determination of the validity or invalidity of the Act. There is a presumption the Act is constitutional . . . Courts must sustain statutes, if

possible, and nullify them only when they are clearly unconstitutional."

In *Tate v. Logan, supra*, we said:

"We do not look to the Constitution to determine whether the Legislature is authorized to do an act but rather to see whether it is prohibited . . ."

This Court has held consistently when possible that a statute is valid and constitutional when it is capable of two constructions, one which renders it valid and one invalid. We have sustained when possible and only nullify when a statute is clearly unconstitutional.

■ In deciding constitutionality of statutes presumptions and construction in favor of their validity are usually approved. See 3B Okl. Digest, Constitutional Law, ☞48, p. 546.

In this decision we have closely examined the wording of Art. II § 18, *supra*, as amended, which states in part:

". . . when so assembled such grand jury shall have power to inquire into and return *indictments* for all character and grades of *crime*." [emphasis added]

This language gives a grand jury the power to investigate and return "indictments" for all character and grades of "crime."

By definition an "indictment" is: [Ballentine's Law Dictionary, p. 612]

"An accusation or charge of the commission of an indictable offense, made in writing by a grand jury against one or more persons upon evidence heard by the grand jury and presented by them under oath at the instance, and by the authority, of the state or the government. *State v. Hamilton*, 133 W.Va. 394, 56 S.E.2d 544, 12 A.L.R.2d 573."

■ Removal actions may be commenced, under § 1182, *supra*, on "an accusation in writing." An accusation in writing is an indictment charging the commission of a crime. The legislature has seen fit to define the word "crime" in 21 O.S.1971 § 3:

"A crime or public offense is an act or omission forbidden by law, and to which

is annexed, upon conviction, either of the following punishments:

1. Death;
2. Imprisonment;
3. Fine;
4. *Removal from office* ; or,
5. Disqualification to hold and enjoy any office of honor, trust, or profit, under this State. R.L. 1910, § 2084." [emphasis added]

█ Recognizing that legislative interpretation is not conclusive, we feel it is entitled to great weight. See 16 Am.Jur.2d Constitutional Law § 85, p. 267, and cases cited under footnote 14.

We are aware of what may appear a conflict with the above conclusion in *State v. Scarth*, 151 Okl. 178, 3 P.2d 446, 81 A.L.R. 1082, wherein we held in syllabus 3:

"3. An action to remove an official under a grand jury accusation under sections 2394–2405, inclusive, Comp.St.1921, is a special proceeding providing its own due process, being a civil action, where its own provisions do not adequately provide the procedure, civil procedure will be invoked."

In syllabus 1 and 2 we held:

"1. An action to remove county commissioners on an accusation of a grand jury is a special proceeding.

"2. An action to remove an official under a grand jury accusation is in its nature a civil and not a criminal action."

In examining the cited case the language used therein appears to be an exercise of semantics. It states that removal proceedings are not criminal but are civil in nature. In so doing it concludes that a strict construction on a grand jury accusation as in a criminal indictment should not be applied. It also uses language to the effect a grand jury accusation to remove a public officer is a special proceeding providing its own due process.

█ In our consideration of the case before us we conclude that an ouster proceeding has attributes and in the nature of both a criminal action and civil action. We find and hold that the 1971 amendment of Art.

II § 18, *supra*, did not repeal the power of a grand jury to initiate, investigate or indict the removal of a public officer.

Our holding herein is consistent with our decision in *State ex rel. Harris, supra.*

We have carefully examined matter before us and now hold the trial court erred in dismissing the accusation for removal proceedings.

Writ of prohibition granted; cause remanded to trial court for reinstatement of the cause and further proceeding.

HODGES, C. J., LAVENDER, V. C. J., and DAVISON, WILLIAMS, IRWIN, BARNES, DOOLIN, JJ., concur.

SIMMS, J., concurs in result.