INTOXICATING LIQUORS Article XXVII, Section 3 of the Oklahoma Constitution requires that manufacturers of alcoholic beverages sell their products only to licensed wholesale distributors. The Legislature, in enacting HB 1594, exceeded the constitutional limitation placed upon it, in that HB 1594 allows an entity, other than a licensed wholesale distributor, to obtain alcoholic beverages from a manufacturer. Furthermore, HB 1594, by allowing sacramental wine supplier licensees to sell directly to religious societies, circumvents the constitutionally established three-tiered system for the distribution of alcoholic beverages, as outlined in Article XXVII, Sections 3 and 4 of the Oklahoma Constitution. For these reasons, HB 1594 must be rendered unconstitutional as being inconsistent with the above provisions. The Attorney General is in receipt of your request for an opinion and the addendum thereto, wherein you ask the following questions: "1. Is HB 1594 consistent with the provisions of Article XXVII, Section 3, Oklahoma Constitution? 2. Would a Sacramental Wine Supplier licensee be permitted to purchase wine from any wine supplier even though that supplier does not hold a non-resident sellers license or must the purchases be made from a licensed non-resident seller ? 3. Would the wine suppliers or the non-resident sellers be required to post the brand registration fee as is currently required of non-resident sellers? 4. Would a Sacramental Wine Supplier licensee be permitted to sell to churches located out of state? 5. Would a Sacramental Wine Supplier licensee be permitted to purchase wine from a licensed Oklahoma wholesaler? 6. Would a Sacramental Wine Supplier licensee be permitted to advertise by listing brand names and prices in a church equipment catalog? 7. Would the Oklahoma Alcoholic Beverage Control Board have the same powers and duties as outlined in 37 O.S. 14 [37-14] (1971) pertaining to Sacramental Wine?" Before answering your questions, it should be noted that HB 1594 provides for the amendment of 37 O.S. 505 [37-505], 37 O.S. 518 [37-518], 37 O.S. 519 [37-519] [37-519], and 37 O.S. 543 [37-543] (1971). Effectively, these changes allow the creation of a "sacramental wine supplier's license." The pertinent portions of the statutes as amended are as follows (amended language is indicated by capitalization): "NOR SHALL THIS ACT PREVENT THE SALE, SHIPPING OR DELIVERY OF SACRAMENTAL WINE BY ANY PERSON HOLDING A SACRAMENTAL WINE SUPPLIER'S LICENSE ISSUED PURSUANT TO THIS ACT TO ANY RELIGIOUS CORPORATION OR SOCIETY OF THIS STATE HOLDING A VALID EXEMPTION FROM TAXATION ISSUED PURSUANT TO SECTION501(a) OF THE INTERNAL REVENUE CODE, 1954, AND LISTED AS AN EXEMPT ORGANIZATION IN SECTION 501(c)(3) OF THE INTERNAL REVENUE CODE, 1954, OF THE UNITED STATES, AS AMENDED . . . ." 37 O.S. 505 [37-505] (1978). "(a) The kinds of licenses and permits which may be issued by the Board, and the annual fees therefor, shall be as follows: . . . "(18) SACRAMENTAL WINE SUPPLIER'S LICENSE . . . $100.00" 37 O.S. 518 [37-518] (1978). "Each holder of a license under this act, . . . shall furnish bond running to the State of Oklahoma . . . . The penal sum of such bonds shall be as follows: . . . SACRAMENTAL WINE SUPPLIER'S, ONE THOUSAND DOLLARS ($1,000.00) . . . ." 37 O.S. 519 [37-519] (1978). "(p) A SACRAMENTAL WINE SUPPLIER'S LICENSE SHALL AUTHORIZE THE HOLDER THEREOF TO SELL, SHIP OR DELIVER SACRAMENTAL WINE TO ANY RELIGIOUS CORPORATION OR SOCIETY OF THIS STATE HOLDING A VALID EXEMPTION FROM TAXATION ISSUED PURSUANT TO SECTION 501(a) OF THE INTERNAL REVENUE CODE, 1954, AND LISTED AS AN EXEMPT ORGANIZATION IN SECTION 501(c)(3) OF THE INTERNAL REVENUE CODE, 1954, OF THE UNITED STATES, AS AMENDED." 37 O.S. 521 [37-521] (1978). " (a) Every wholesaler, HOLDER OF A SACRAMENTAL WINE SUPPLIER'S LICENSE, or other person authorized under this act to import alcoholic beverages into this state, shall make and transmit to the Oklahoma Tax Commission on or before the tenth day of each month, upon a form prescribed and furnished by the Commission, an itemized and verified report for the preceding calendar month, showing the following information: . . . "(4) All nontaxable sales and dispositions made during said month, supported by evidence satisfactory to the Oklahoma Tax Commission. EACH NONTAXABLE SALE MADE BY A HOLDER OF A SACRAMENTAL WINE SUPPLIER'S LICENSE SHALL BE SUPPORTED BY A TAX EXEMPTION CERTIFICATE ATTACHED TO THE REPORT SIGNED BY A DULY AUTHORIZED REPRESENTATIVE OF THE RELIGIOUS CORPORATION OR SOCIETY TO WHOM THE SALE IS MADE. FORMS FOR THE TAX EXEMPTION CERTIFICATES SHALL BE MADE AVAILABLE BY THE OKLAHOMA TAX COMMISSION." 37 O.S. 543 [37-543] (1978). In answer to your first question, a reading of Article XXVII, Section 3 of the Oklahoma Constitution makes clear the restriction on manufacturers to sell only to licensed wholesale distributors. Article XXVII, Section 3 provides: "The Legislature shall enact laws, providing for the strict regulation, control, licensing, and taxation of the manufacture, sale, distribution, possession, and transportation of alcoholic beverage, consistent with the provisions of this Amendment. Provided, that any manufacturer, or subsidiary of any manufacturer who markets his product solely through a subsidiary or subsidiaries, a distiller, rectifier, bottler, winemaker, brewer, or importer of alcoholic beverage, bottled or made in a foreign country, either within or without this state, shall be required to sell such brands or kinds of alcoholic beverages to every licensed wholesale distributor who desires to purchase the same, on the same price basis and without discrimination, and shall further be required to sell .such beverages only to those distributors licensed as wholesale distributors, and all laws passed by the Legislature under the authority of the Article shall be consistent with this provision." (Emphasis added). The language of Article XXVII, Section 3 is absolutely clear on its face. The Courts and Legislature are bound by the plain meaning of such language. "When the text of a constitutional provision is not ambiguous, the courts, in giving construction thereto, are not at liberty to search for its meaning beyond the instrument." Moore-Norman Area Vocational Technical School District v. Board of Trustees of South Oklahoma City Junior College, 519 P.2d 497, 501 (Okla. 1974). See also McCurtain County Excise Board v. St. Louis San Francisco Railway Company, 340 P.2d 213 (Okla. 1959); Hines v. Winters, 320 P.2d 1114 (Okla. 1957). By the express language of Article XXVII, Section 3, manufacturers of alcoholic beverages are prohibited from selling to any entity in Oklahoma other than licensed wholesale distributors. It is incumbent upon the Legislature to act within the bounds established by the constitutional provision, inasmuch as the Oklahoma Constitution operates as a limitation on the actions of the Legislature. State ex rel. Grand Jury of McCurtain County v. Pate, 572 P.2d 226
(Okla. 1977); Wiseman v. Boren, 545 P.2d 753 (Okla. 1976). The Supreme Court of Oklahoma has said by means of its syllabus: "The Oklahoma Constitution is a limitation upon the power of the Legislature and not a grant of power to that body, and the authority of the Legislature extends to all rightful subjects of legislation not withdrawn by the Constitution or in conflict therewith." Spearman v. Williams, 415 P.2d 597, 598 (Okla. 1966). Article XXVII, Section 3, of the Oklahoma Constitution plainly prohibits the sale of alcoholic beverages from manufacturers to anyone other than licensed wholesale distributors. The Legislature, in adopting HB 1594, attempted to create another entity apart from wholesale distributors which might receive alcoholic beverages from manufacturers. In so doing, the Legislature acted beyond the express limitations of Article XXVII, Section 3. Article XXVII, furthermore, contemplates a three-tiered system for the distribution of alcoholic beverages, i.e., a manufacturer (or his subsidiaries, including but not limited to distillers, rectifiers, bottlers, winemakers, brewers, or importers of foreign alcoholic beverage) who sells only to licensed wholesale distributors who in turn sell only to licensed retailers. This structure is outlined in Article XXVII, Section 3, above, and Section 4 of the same Article. As noted, Article XXVII, Section 3 allows the liquor manufacturer to sell only to wholesale distributors. The ultimate distribution to consumers is left exclusively to licensed retail outlets. Section 4 provides in pertinent part: "Retail sales of alcoholic beverage shall be limited to the original sealed package, by privately owned and operated package stores . . . ." HB 1594 not only creates a new licensee who is not a wholesaler, but also allows that licensee to sell directly to religious societies which cannot be classified in any category other than that of consumers. The third constitutionally created tier, i.e., the retailer to whom sales to consumers is exclusively limited, is totally bypassed. HB 1594 is inconsistent with the constitutionally mandated three-tiered system for the distribution of alcoholic beverages in Oklahoma. Inasmuch as HB 1594 is not consistent with the provisions of Article XXVII of the Oklahoma Constitution, it is not necessary to answer your remaining questions. It is, therefore, the Opinion of the Attorney General that your questions be answered as follows: Article XXVII, Section 3 of the Oklahoma Constitution requires that manufacturers of alcoholic beverages sell their products only to licensed wholesale distributors. The Legislature, in enacting HB 1594, exceeded the constitutional limitation placed upon it, in that HB 1594 allows an entity, other than a licensed wholesale distributor, to obtain alcoholic beverages from a manufacturer. Furthermore, HB 1594, by allowing sacramental wine supplier licensees to sell directly to religious societies, circumvents the constitutionally established three-tiered system for the distribution of alcoholic beverages, as outlined in Article XXVII, Sections 3 and 4 of the Oklahoma Constitution. For these reasons, HB 1594 must be rendered unconstitutional as being inconsistent with the above provisions. (GIVENS ADAMS) (ksg) ** SEE: OPINION NO. 79-192 (1979) **