The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question: Under 2 of Enrolled Senate Bill No. 164 effective October 1, 1979, can the Legislature require a medical facility to issue copies of medical records on a patient at their request at an amount less than the cost to the hospital? The title to Enrolled Senate Bill No. 164 effective October 1, 1979, states: "An act relating to torts; and amending 1, Ch. 44, O.S.L. 1976 (76 O.S. 17 [76-17] (1978)) and 3, Ch. 44, O.S.L. 1976, as amended by 1, Ch. 51, O.S.L. 1977 (76 O.S. 19 [76-19] (1978)); providing for reporting procedures of medical malpractice claims; establishing sanctions; providing for admissibility of certain evidence; providing for waiver of certain privilege communications under certain circumstances; providing for costs of medical records; and providing an effective date." Section 2 of Enrolled Senate Bill No. 164 states: "Section 3, Ch. 44 O.S.L., 1976 as amended by 1, Ch. 59 O.S.L. 1977 (76 O.S. 19 [76-19] (1978)), is amended to read as follows: 76 O.S. 19 [76-19]. Any person who is or has been a patient of a doctor, hospital or other medical institution shall be entitled to obtain access to the information contained in all his medical records upon request, and shall be furnished copies of all copies pertaining to his or her case upon the tender of the expense of such copy or copies. Cost of each copy shall not exceed ten cents (10). Provided that this entitlement to medical records shall not apply to psychiatric records. Article V, Section 36 of the Constitution of Oklahoma provides that the authority of the Legislature shall extend to all rightful subjects of legislation and any specific grant of authority in this Constitution, upon any subject whatsoever, shall not work a restriction, limitation, or exclusion of such authority upon the same or any other subject or subjects whatsoever. The subject of this request as shown in Enrolled Senate Bill No. 164 does not come under the limitations as set out in Article V, Section 46 of the Constitution of the State of Oklahoma. The law-making power of the Legislature is supreme within its proper sphere and is restricted and limited only by constitutional provisions. State ex rel. Grand Jury of McCurtain County v. Pate, Okl. 572 P.2d 226 (1977). Article V, Section 59 of the Oklahoma Constitution provides that laws of a general nature shall have a uniform operation throughout the state, and where a general law can be made applicable, no special law shall be enacted. A law need not operate upon every person or every locality in the State in order to be general in nature and to have uniform operation but may have a local application or apply to a designated class if it operates equally upon all the subjects within the class for which it was adopted. School D?strict No. 25 of Woods County v. Hodge, 199 Okl. 81, 183 P.2d 575 (1947); Special Indemnity Fund v. Farmer, 156 P.2d 815 (1945); Williams v. Hutchins,102 P.2d 841 (1940). The Legislature intended that a claimant be able to obtain a copy of their medical records at a reasonable rate which would be the actual cost of paper and machine cost of photo copying which rate is to be uniform throughout the state. It is, therefore, the official opinion of the Attorney General that Section 2 of Enrolled Senate Bill No. 164 as it amends 76 O.S. 19 [76-19] (1978) is a proper exercise of a legislative power in creating uniform laws of the general nature. (VICTOR G. HILL, JR.) (ksg)