Linda McCORMACK, John Fletcher and
J.W. "Dub" Brooks, Appellants,

v.

The TOWN OF GRANITE, a municipal
corporation, Appellee.

No. 81813.

Supreme Court of Oklahoma.

Oct. 10, 1995.

David T. McKenzie and MaryGaye Leboeuf, Oklahoma City, for Appellant, Linda McCormack.

Leon W. Willsie, Sayre, for Appellants, J.W. Brooks & Johnny Fletcher.

Paul Stumbaugh, Mangum, for Appellee.

SUMMERS, Justice:

Plaintiffs were three of the five elected trustees of the Town of Granite's Board of Trustees. They voted to fire the police chief, whereupon two things happened: (1) the discharged chief sued them in federal court for violation of his civil rights, and (2) a grand jury was empaneled in Greer County which returned an indictment for ouster of the three, based on the firing incident.

Plaintiffs were in all respects vindicated. A federal judge dismissed the civil rights suit (plus a pendent state-law based claim for wrongful termination), and the judge in Greer County dismissed the state-court ouster action. The dismissal orders were not appealed and are final.

Plaintiffs sued the Town of Granite for their legal costs in defending the two actions. By way of summary judgment the trial court awarded statutory attorney's fees for defending the federal case, but denied the claim for fees in defense of the grand jury ouster action.

The Plaintiffs have appealed the latter part of that order denying fees; there is nothing before us pertaining to the propriety of the order awarding fees for the federal case. The Court of Appeals affirmed the denial, finding the grand jury ouster action to have been criminal in nature. We have granted certiorari.

Two questions must be answered to resolve the case: (1) Are grand jury ouster proceedings "special proceedings" within the meaning of a statute allowing recovery of certain legal fees by municipal employees? (2) May these former Town Trustees recover attorney's fees notwithstanding the fact they failed to comply with a statute setting out the procedure for doing so? The answer to both questions is yes.

Title 11 O.S.1991 § 23–101 permits attorney fees to be paid for municipal employees[1] defending themselves in a civil action or "special proceeding" under certain circumstances:

**A.** Unless otherwise provided for in the Governmental Tort Claims Act, *if an action is brought against a municipal employee in any civil action or special proceeding in the courts of this state or the United States by reason of any act done or omitted in good faith in the course of employment, the governing body of the municipality shall direct the municipal attorney or the designated legal counsel to appear and defend the action or proceeding on behalf of the employee* in accordance with the provisions of Section 23–102 of this title. The municipal governing body shall not designate an attorney to represent a municipal employee if that employee did not perform a statutorily required duty and such duty is a basis of the civil action or special proceeding.

**B.** The municipal governing body may direct its attorney to intervene in any action or proceeding and to appear on behalf of the municipality, or any of its officers or employees, if the governing body deems the municipality to have an interest in the subject matter of the litigation.

**C.** *A municipality may indemnify its employees for actual damages, fees and costs* in accordance with the Governmental Tort Claims Act. (Emphasis Added)

Section 23–102 then provides the procedure by which the municipal employee may obtain counsel.

The Plaintiffs/former Trustees urge two propositions on certiorari: (1) The trial court erred in not finding the grand jury ouster proceeding to be a "special proceeding" under Section 23–101A, and (2) Plaintiffs were not required to follow the procedure set forth in Section 23–102 in order to obtain reimbursement for attorney's fees, because to do

---

**1.** The Act defines "employee" to include elected or appointed officers of a municipality's governing body. *See* 11 O.S.1991 § 23–103.1.

so would have required them to act illegally. (The trial judge had agreed with Plaintiffs on the second point.) The Town disputes these assertions, urging that Section 23–101 does not apply because grand jury proceedings are essentially criminal in nature.[2] It also argues that by failing to follow the Section 23–102 procedures Plaintiffs are not entitled to reimbursement of attorney's fees.

This Court has several times addressed the issue of whether grand jury ouster actions are "special proceedings." In *Myers v. State*, 137 Okla. 272, 278 P. 1106 (1929), we held an action brought to oust County Commissioners pursuant to an accusation by grand jury was "not a criminal proceeding, but is a special proceeding", notwithstanding the fact that the trial must be conducted in the same manner as one for a misdemeanor. *Id.* 278 P. at 1107. Two years later in *State v. Scarth*, 151 Okla. 178, 3 P.2d 446 (1931), we again held that the ouster action brought after the accusation of a grand jury was a "special proceeding of a civil nature." *Id.* 3 P.2d at 447.

Town relies on language in *State v. Pate*, 572 P.2d 226 (Okla.1977), for the proposition that grand jury proceedings are criminal in nature, and thus not covered by Section 23–101. Town also points to 21 O.S.1991 § 3, which defines a crime as an act or omission forbidden by law which carries a punishment of death, imprisonment, fine, disqualification to hold office, or *removal from office*. (emphasis added) Town asserts that because removal from office is enumerated in § 3, attorneys fees incurred by reason of an action for such ouster or removal are not covered by Section 23–101.

In *Pate, supra*, we said that an ouster proceeding has attributes of both a civil and criminal action. The import of *Pate* was that a grand jury still had the power to "initiate, investigate, or indict the removal of a public officer." *Id.* at 229. Shortly there-

after we revisited the civil/criminal ouster dichotomy in *Hale v. Board of County Comm'rs*, 603 P.2d 761 (Okla.1979), recognizing that some confusion had been caused by *Pate*. Although agreeing that a grand jury investigation is indeed of a "hybrid nature," we concluded that all removal proceedings, regardless of how instituted, are essentially civil proceedings, for which this Court (and not the Court of Criminal Appeals) has exclusive jurisdiction on review. *Hale* at 763.[3]

■ As for 21 O.S.1991 § 3, the Town's argument was disposed of in *Sharpe v. State ex rel. Oklahoma Bar Ass'n*, 448 P.2d 301 (Okla.Ct.Jud.1968):

> Sharpe contends that 21 O.S.1961, § 3 defines a crime or public offense. Disqualification to hold and enjoy any office of honor, trust, or profit under this State is one of the punishments enumerated under this section ... This section provides that a 'crime or public offense is an act or omission forbidden by law' and then enumerates the permissible punishments. *Section 3, supra, does not create an offense or describe an act which is made criminal.* The legislature must define [an] offense by particular description of act or omission constituting it. A mere delineation of permissible punishments for a crime is insufficient to create a criminal offense. (emphasis added.)

Thus, Section 3 does not legislatively establish a crime; in defining crimes generally it merely enumerates the permissible punishments. We have found no statute which defines as a crime an accusation for removal or ouster from public office.

■ We hold that an ouster action brought in the District Court pursuant to a grand jury accusation is a "special proceeding" within the language of 11 O.S.1991 § 23–101A. Plaintiffs are thus eligible for reimbursement of the fees necessarily and rea-

2. Attorney General Opinion 80–276 construed an earlier version of Section 23–101, and decided that a municipality was not required to defend an officer in a *criminal* proceeding. No prosecution for a crime was involved in our case.

3. The *Hale* court recognized that other than the language in *Pate*, its holding was consistent with

our state's law since 1910, and cited *Sharpe v. State ex rel. Oklahoma Bar Ass'n*, 448 P.2d 301 (Okla.Ct.Jud.1968); *State v. Scarth*, 151 Okla. 178, 3 P.2d 446 (1931); *Myers v. State*, 137 Okla. 272, 278 P. 1106 (1929); and *O'Bryan v. State*, 26 Okla. 470, 109 P. 304 (1910). *Hale* at 763.

sonably incurred by them defending it. (In light of the disposition of the federal and ouster cases the Town makes no argument now that the firing was not done in "good faith in the course of employment.")

The Town next urges that even if the fees are of a type contemplated by Section 23–101, reimbursement is not permitted because Plaintiffs failed to follow the statutorily prescribed procedure in Section 23–102 for obtaining reimbursement. Plaintiffs respond that had they done so, then as Town Trustees they would have been required to sit in judgment of their own actions. They feared this self dealing would have been a violation of 62 O.S.1991 § 372, which makes illegal the unlawful payment of public funds, and 21 O.S.1991 § 344, which makes it a crime for a municipal officer to make an official sale, lease or contract in which he or she has an individual interest.[4]

Specifically, Section 23–102 requires that a municipal employee seeking attorneys' fees must make written application to the governing body. The governing body must then decide whether the employee was acting in good faith and within the scope of his or her employment.[5] If the governing body determines that the acts or omissions were in good faith and in the course of employment, the governing body shall direct counsel to appear on behalf of the employee.

Here, Plaintiffs comprised a majority of the governing body. If the procedures of the statute had been followed, Plaintiffs as Town Trustees would have been making a decision as to the "good faith" of their own behavior. If they ruled for themselves then their contracts to pay their attorneys would have been indemnified by the Town. Plaintiffs assert that this would have amounted to prohibited self dealing. They also argue that because the law does not require a vain or illegal act, this Court should determine they have done everything required by law.

■■■ The law does not require an individual to do an illegal act. A general rule of statutory construction, long followed by this Court, is that a statute will not be construed to reach an absurd result. *Johnson v. Johnson*, 674 P.2d 539 (Okla.1983); *Independent School Dist. No. JI–69 v. Independent School Dist. No. D–45*, 363 P.2d 835 (Okla.1961). We believe it would be absurd to construe Section 23–102 to require the Trustees to commit what could reasonably be believed to be a criminal violation of the statute governing public officers.

The opinion of the Court of Appeals is vacated. That part of the trial court's judgment denying attorney's fees for defense of the ouster proceeding is reversed. The case is remanded to the District Court of Greer County with directions to conduct a hearing to determine the amount of fees and costs

---

4. Title 62 O.S.1991 § 372 reads:

**Fraudulent claims—Liability of public officers**
Every officer of the state and of any county, township, city, town or school district, who shall hereafter order or direct the payment of any money or transfer of any property belonging to the state or to such county, city, town or school district, in settlement of any claim known to such officers to be fraudulent or void, or in pursuance of any unauthorized, unlawful or fraudulent contract or agreement made or attempted to be made, for the state or any such county, city, town or school district, by any officer thereof, and every person, having notice of the facts, with whom such unauthorized, unlawful or fraudulent contract shall have been made, or to whom, or for whose benefit such money shall be paid or such transfer of property shall be made, shall be jointly and severally liable in damage to all innocent persons in any manner injured thereby, and shall be furthermore jointly and severally liable to the state, county, city, town or school district affected, for triple the amount of all such

sums of money so paid, and triple the value of property so transferred, as a penalty, to be recovered at the suit of the proper officers of the state or such county, city, town or school district, or of any resident taxpayer thereof, as hereinafter provided.

Title 210 O.S.1991 § 344 states:

**Fraud by officer authorized to sell, lease or make contract**
Except for those municipal officers who are subject to Section 8–113 of Title 11 of the Oklahoma Statutes, every public officer, being authorized to sell or lease any property, or make any contract in his official capacity, who voluntarily becomes interested individually in such sale, lease or contract, directly or indirectly, is guilty of a misdemeanor.

5. Title 19 O.S.1991 § 215.25 and Title 74 O.S.1991 § 20f set forth very similar procedures for state and county employees seeking reimbursement for attorneys' fees.

that were reasonable and necessary in defense of the grand jury ouster proceeding, and to enter judgment for Plaintiffs accordingly.

ALMA WILSON, C.J., KAUGER, V.C.J., and HODGES, LAVENDER and WATT, JJ., concur.

SIMMS, HARGRAVE and OPALA, JJ., Dissent.