Dear Representative Askins,
¶ 0 This office has received your request for an Opinion in which you asked, in effect, the following question:
 Can a school district reimburse an individual school board member for legal expenses incurred in defending criminal charges brought against the member for alleged violation of State law during the performance of official duties if the charges are dismissed without prejudice prior to trial?
¶ 1 The gist of the question is whether school board members are entitled to legal representation at public expense in a criminal proceeding arising from the performance of their public duties.
¶ 2 The Oklahoma School Code, 70 O.S. 1991 and Supp. 1996, §§1-101 through 24-150 ("the Code"), contains no express authority for a school district to provide legal representation to individuals. A school district does have authority to hire an attorney to represent the district, and the scope of that representation is dealt with extensively in Attorney General Opinion 96-43.
¶ 3 Opinion 96-43 contains a detailed discussion of the ability to use public funds to provide legal representation to individuals, based on 70 O.S. Supp. 1996, § 5-117[70-5-117](A)(14). The Opinion concludes that it is not improper for a school board to hire an attorney to represent its officers and employees incivil or special proceedings for actions or omissions done in good faith in the course of employment. The Opinion points out that there is no provision for representation of an individualat public expense in a criminal proceeding.
¶ 4 Oklahoma has no common-law remedy for providing legal expenses to public officials defending against litigation arising from their public duties. The Legislature by statute has designated circumstances in which public funds and resources may be used to represent a public officer or employee. 11 O.S. Supp.1996, § 23-101[11-23-101] (municipal employees); 19 O.S. Supp. 1996, §215.25[19-215.25] (county employees); 74 O.S. Supp. 1996, § 20f[74-20f]
(state officers or employees). In each of these instances, the statutes clearly provide for such representation in civil actions
or special proceedings; they do not include criminal proceedings. The fact that the Legislature failed to authorize representation in criminal proceedings is evidence of its intent that representation at public expense in such proceedings not be allowed. "[L]egislative silence, when it has authority to speak, may be considered as giving rise to an implication of legislative intent." City of Duncan v. Bingham, 394 P.2d 456, 460 (Okla. 1964).
¶ 5 Attorney General Opinion 80-276 examined an earlier version of one of the statutes cited above, 11 O.S. Supp. 1979, §23-101[11-23-101], and concluded that the statute did not provide for representation in a criminal case but rather limited representation to civil matters or special proceedings. Opinion 80-276 was noted in a recent opinion of the Oklahoma Supreme Court, McCormack v. Town of Granite, 913 P.2d 278 (Okla. 1995). In McCormack the Court dealt with the question of whether municipal employees could recover legal fees from the municipality for defending themselves in grand jury ousterproceedings. It was argued that Section 23-101 did not apply to allow the payment of fees because an ouster action was essentially criminal in nature. The Court found that ouster proceedings were special proceedings, and in its discussion made the following note:
 Attorney General Opinion 80-276 construed an earlier version of Section 23-101, and decided that a municipality was not required to defend an officer in a criminal proceeding. No prosecution for a crime was involved in our case.
McCormack at 280 n. 2.
¶ 6 For the Court to note this distinction as to criminal proceedings implies that criminal proceedings would not be covered by Section 23-101 or by similar statutes which provide for representation in civil actions and special proceedings.[1]
¶ 7 Because a school district has no specific authority to provide legal representation to its officers or employees, and because the statutes from which one can imply such authority relate only to civil actions and special proceedings, we must conclude that a school district does not have the authority to provide legal representation to individual board members in criminal matters. Based on the above rationale, the fact that the criminal charges arise out of the member's official duties and are ultimately dismissed do not affect this result.
¶ 8 It is, therefore, the official Opinion of the AttorneyGeneral that:
 A school district has no authority, pursuant to 70 O.S. Supp. 1996, § 5-117(A)(14) or otherwise, to reimburse an individual school board member for legal expenses incurred in defending criminal charges brought against the member for alleged violation of State law during the performance of official duties, even if the charges are dismissed without prejudice prior to trial.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
GAY ABSTON TUDOR ASSISTANT ATTORNEY GENERAL
[1] The law on this issue varies widely among various jurisdictions. For example, Maryland permits reimbursement of a state officer or employee for reasonable counsel fees incurred in defending against criminal charges that related to conduct as an officer or employee if final disposition of all of the charges does not result in a plea of nolo contendere, a guilty plea, or a finding of guilt. Md. Code Ann., State Gov't, § 12-314 (1957). Florida, on the other hand, has a statute entitling public officials to representation only in civil suits, but the Florida Supreme Court has found that the statutory remedy is not exclusive, and Florida common law may provide an additional basis for remedy. Thornber v. City of Fort Walton Beach,568 So.2d 914 (Fla. 1990).